MAY STIMSON vs. SWANTON C. WHITMORE.

DECEMBER 6, 1912.

PRESENT:   Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Master and Servant.  Due Care.  "Simple Tools."  Latent Defects.*

A declaration alleging that a master failed to keep in repair, certain appliances furnished the servant, in that a stool used by the servant to step upon, toppled over, caused by the insecure fastening of the stool to its legs, which connections were concealed from view, and not obvious to the plaintiff without a special inspection, states a cause of action, since the stool, as described in the declaration, cannot be said to be an appliance so simple, that the master was under no duty to inspect or to keep the same in safe condition for use.

Upon the facts as alleged, the case is not one where it appears upon the declaration that plaintiff could not have been in the exercise of due care, or that if she had used her senses, she must have known of the danger complained of.

(2)  *Master and Servant.  Due Care.  "Simple Tools."  Latent Defects.*

A servant assumes the risk of injury from dangers and defects which are so patent and obvious, that he either knows or in the exercise of ordinary care, should know of their existence, but he is under no primary obligation to investigate for latent defects, and test the fitness and safety of the place, fixtures and appliances provided by the master, but he may rely upon the obligation resting on the master to exercise reasonable care to see that they are fit and safe.

(3)  *Master and Servant.  Due Care.  "Simple Tools."  Latent Defects.*

It does not follow that because an appliance is a simple one, the master is therefore relieved of all obligation as to care for its safety for use by his employes, or that the risk must be presumed to have been assumed by the servant.  In any case the relative simplicity of the appliance, and all the circumstances of the case must be taken into consideration.  The case may be so plain that but one conclusion can properly be drawn, or it may be such as under the facts disclosed to require its submission to a jury.

TRESPASS ON THE CASE for negligence.  Heard on exceptions of plaintiff and sustained.

JOHNSON, J.   This is an action of trespass on the case for negligence, wherein the plaintiff sues for permanent injuries received by her, while in the employ of the defendant, such injuries being caused by the breaking or collapsing of a

stool, furnished by the defendant to his employes among other fixtures, appliances and apparatus, means and instruments, which he used in his business of retail shoe dealer.

The plaintiff's amended declaration is in two counts. The first count avers, among other things, that it was the duty of the defendant to keep and maintain in safe and reasonable repair, the fixtures, appliances, apparatus, means and instruments with which he carried on his said business, so that the plaintiff, while in the exercise of due care, and while engaged in performing the duties of her employment, should not be injured. It then alleges that among such instruments and appliances furnished the plaintiff, were certain stools to step upon for the purpose of reaching shoes and boxes of shoes, which could not be reached from the floor. The declaration further avers that said stools consisted of a horizontal top, and that one side consisted of a board extending slantingly downward from said top at an angle of, to wit, forty-five degrees; and further, that the legs of said stools were situated underneath said stools, some attached to the horizontal top, and one or more to the slanting side.

"And the plaintiff further avers that the legs of said stools were held in place and tightened by means of a screw or screws underneath said stools as aforesaid, so that the connections of the same were concealed from view, and not obvious to the plaintiff without a special inspection."

The declaration goes on to state that one of the stools, and especially the connections of the legs thereon with the body of the same, was permitted to become worn and out of repair, and unsafe for use, which the defendant knew, or by the exercise of reasonable care could have known, and which the plaintiff did not know and could not have known, by the exercise of reasonable care; that on the 2nd day of February, 1911, while in the exercise of due care, and while standing upon one of said stools furnished by the defendant, the stool toppled over, throwing her to the ground and seriously injuring her, caused by insecure fastening of the stool to its legs.

The second count sets forth practically the same facts, but alleges a duty of inspection.

To this amended declaration the defendant demurred:

*First:* Because it does not appear in said counts that the plaintiff could not, in the exercise of reasonable diligence, have known that the stool and the connections of its legs were worn, out of repair, and unsafe, before she placed herself upon said stool.

*Second:* Because it appears in and by said counts, that the plaintiff had an equal opportunity with the defendant of knowing of the condition of said stool and its legs.

*Third:* Because it appears in and by said counts that the plaintiff was not in the exercise of due care.

*Fourth:* Because each of said counts fails to state a cause of action.

The case was heard on the 7th day of February, 1912, before a justice of the Superior Court on the demurrer to the defendant's amended declaration, and said demurrer was sustained. The plaintiff excepted thereto, and the case is now before this court on the plaintiff's bill of exceptions, the only exception relied upon being to the decision sustaining said demurrer.

The plaintiff's counsel contend that the alleged defective condition of the stool was necessarily hidden by reason of its peculiar construction, as set forth in the declaration, calling attention to the averments, that the connections of the legs with the seat of the stool were hidden from view; and were not obvious to the plaintiff without a special inspection, and argue that a servant is not deemed to have notice of or assume the risks of such defects as can be ascertained only by investigation and inspection for the purpose of ascertaining that there is no danger.

(2)   The rule is stated in 26 Cyc. 1213, as follows: "A person assumes the risk of injury from dangers and defects which are so patent and obvious, that he either knew, or in the exercise of ordinary care should have known, of their existence. On the other hand, a servant is under no primary

obligation to investigate for latent defects and test the fitness and safety of the place, fixtures, or appliances provided him by the master. He has a right to rely upon the obligation resting upon the master to exercise reasonable care to see that they are fit and safe; and, although the circumstances may be such that a servant is chargeable with knowledge of such defects as are patent and obvious, and of such defects as in the exercise of ordinary care he ought to have knowledge of, he is not to be deemed as having notice, or as assuming the risks, of such defects and insufficiencies as can be ascertained only by investigation and inspection for the purpose of ascertaining that there is no danger."

Among the cases cited is *Whipple v. N. Y., N. H. & H. R. R. Co.*, 19 R. I. 587, where the plaintiff, a brakeman, was injured while climbing the side of a car, by reason of the proximity of a telegraph pole to the track. The court, pp. 591, 592, says: "It is urged that if the proximity of the pole to the track, which made it dangerous, was not sufficiently obvious to the plaintiff to put him on his guard against injury from the pole, it was not sufficiently obvious to the officers of the defendant for them to observe it in the exercise of reasonable care, and hence that it cannot be held that the defendant was negligent in maintaining the pole in its position. But the answer is that the officers of the defendant located the pole; that it was their duty to have so located it as to make it safe; and, consequently, that if they failed in that respect, the defendant must be held chargeable for their default.

"The defendant further contends that the plaintiff was guilty of contributory negligence in attempting to climb the ladder of the car while the train was in motion, without looking to see whether he was in danger from the pole, instead of climbing to the top of the car before giving the signal to the engineer to go ahead, or remaining on the footboard of the tender until the car had passed the pole. But if the dangerous proximity of the pole to the track was not so obvious as to be discoverable by observation, and the

plaintiff had no notice of the danger, we do not think that it can be held, as a matter of law, that he was guilty of negligence in not looking forward to see whether he was in danger from the pole before starting to climb the ladder."

In *Wrisley Co.* v. *Burke*, 203 Ill. 250, the court, p. 257, says: "The servant is under no primary obligation to investigate for latent defects and test the fitness and safety of the place, fixtures or appliances provided him by the master. He may assume that they are fit and safe, and though the circumstances may be such, a servant is chargeable with knowledge of such defects as are patent and obvious, and of such defects as in the exercise of ordinary care, he ought to have knowledge of, the servant is not to be deemed as having notice or knowledge of such defects and insufficiencies, as can be ascertained only by investigation and inspection, for the purpose of ascertaining that there is no danger." See, also, *Armour* v. *Brageau*, 191 Ill. 117; *Greene* v. *Sansom*, 41 Fla. 94; *Murphy* v. *Marston Coal Co.* 183 Mass. 385; *Adams Express Co.* v. *Smith*, 24 Ky. L. R. 1915; *Illinois Steel Co.* v. *Mann*, 100 Ill. App. 367 (affirmed in 197 Ill. 186).

Counsel for defendant further argue that the stool was an appliance of such simple character, that the employer is not liable for an injury to an employe, using it, due to its obviously defective condition. Counsel cite, *inter alia*, *Sheridan* v. *Gorham Mfg. Co.* 28 R. I. 256. In that case the allegation was "that the ladder which the defendant provided and gave to the plaintiff was unsafe and defective, in that certain iron points, or spurs, with which said ladder was equipped at its lower ends, had become dull and smooth, so that said ladder while in use was likely to slip on the floor; and that while plaintiff in using said ladder was standing on one of its rounds, said ladder slipped and precipitated the plaintiff to the floor, thereby injuring him." The plaintiff in that case contended that, inasmuch as he had alleged in his declaration that he was in the exercise of due care, and had no knowledge of the danger of slipping incident to the

use of the ladder, he had tendered proper issues of fact upon these points, and that his declaration was not, for that reason, demurrable. The court held *contra*, citing, *inter alia, Baumler* v. *Narragansett Brewing Co.*, 23 R. I. 430. In that case, the court p. 433, said: "The plaintiff's declaration in effect in so far as it states the condition of things existing at the time of the accident, comes to this, *viz:* That there were certain large vats in the defendant's brewery which were so situated as to leave an open space underneath, between them and the floor, of about thirteen inches, which vats rested on supports through or between which there was an opening into said space. That no machine or implement occupied any part of said space, and no pitfall or defect of any sort existed therein, but that it was simply an open space, with a floor beneath and the vats above, supported as aforesaid, and that the plaintiff, being ordered to clean out said space, crawled through the opening leading thereto, and, while working therein, became wedged and bound as aforesaid," and at p. 435,—"The plaintiff further argues that the allegation in the declaration that he was in the exercise of due care, is sufficient to rebut the claim made by defendant, that plaintiff assumed the risk. We do not think so. The court must take the declaration in a case of this sort as a whole in determining whether it states a a case; and if it appears from all the facts stated therein that the plaintiff could not have been in the exercise of due care, the mere fact that it alleges that he was does not save it from being demurrable. We may also add that we do not

(3) agree with the plaintiff's contention that the allegations of lack of knowledge of the work, and the location, and lack of warning regarding the same, prohibit the assumption that the danger was obvious and that the plaintiff assumed the risk. When it is apparent, from the facts stated in a case of this sort, that if the plaintiff had used his senses he must have known of the danger complained of, no allegations which he may incorporate in his declaration as to lack of knowledge, lack of warning, or duty of the master will be

allowed to overcome and rebut said facts and render the declaration sustainable. Such a declaration is inconsistent and therefore demurrable."

It does not however necessarily follow that, because the appliance involved in a case is a simple one, the master is therefore *ipso facto* relieved of all obligation as to care for its safety for use by his employes, or that the risk must be presumed to have been assumed by the servant. In each of the cases last mentioned, the simplicity of the appliance was clear. In any case under consideration, the relative simplicity of the appliance, and all the circumstances of the case, must be taken into consideration. The case may be so plain, that but one conclusion can properly be drawn, as in the cases last mentioned, or it may be such as, under the facts disclosed, to require its submission to the jury.

In the note to *Vanderpool* v. *Partridge* (Neb. 1907), 13 L. R. A. (N. S.) 668, the annotator gives the rule as to the liability of the master for injury by defect in common tools thus: "The rule of *respondeat superior* rests upon the assumption that the employer has a better and more comprehensive knowledge than the employe, and therefore ceases to be applicable where the employe's means of knowledge of the danger to be incurred is equal to that of the employer. Such is the case where the instrument or tool, the defect in which is the cause of the injury is of so simple a character that a person accustomed to its use cannot fail to appreciate the risks incident thereto.

"The mere simplicity of a tool, as is apparent upon consideration of the basis above stated of the rule of *respondeat superior*, will not exempt the master from all care, or relieve him from liability under all circumstances; but the capacity, intelligence, and experience of the servant, the character of the defects, his opportunity for detecting them, his situation and the circumstances calculated to withdraw his attention from them, as well as the fact that the servant has a right to rely upon the master to protect him from danger and injury, and in selecting the agent from which it may arise,

are factors of varying importance, which must also be taken into account."

In *Williams* v. *Garbutt Lumber Co.*, 132 Ga. 230, 231, the court says: "While in a number of cases, in dealing with the particular facts involved, it has been held that the tool then being used (such as a stick with which to push cars, an ordinary hammer, or the like) was so simple in its character that the servant had at least equal opportunity with the master for observing it, and that he was at fault for not doing so, or that the master could not be charged with negligence as a matter of law for not inspecting it, and that therefore in such cases there could be no recovery, no arbitrary and invariable rule can be laid down by which it can be declared that a master is relieved from the duty of inspecting certain specified tools, regardless of the circumstances of the case. Nor can a court well undertake to make a catalogue of tools by name, and say that as to injuries caused by them there shall be an arbitrary exemption from liability on the part of the master. At last the duty of the master must necessarily to some extent depend, not merely upon the name of the tool, but also the circumstances under which it is furnished or kept for use, and under which it is used. The underlying principle, rather than the name of the tool, is the important matter." . . .

"We do not find it necessary in this State to adopt any arbitrary rule as to tools bearing certain names, or described somewhat indefinitely as 'simple tools.' If what is called the 'simple-tool rule' is based on the principle of equality or superiority of opportunity for knowledge on the part of a servant, that principle forms a part of the test applied by our Civil Code (§§2611, 2612) in a suit against a master by a servant for an injury claimed to have arisen from the negligence of the master in failing to comply with the duties imposed on him in regard to machinery, and which, as already seen, has been held to apply in principle to cases arising from defective tools. The application of the rule that it must appear that the master knew or ought to have known of

the defect or danger, and that the servant injured did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof, to the facts of the particular case under investigation will furnish a solution of the question of liability or non-liability. In the determination of each case, the nature, character, and simplicity or complexity of the tool is, of course, an important factor for consideration. The case may be so plain, on the pleadings or evidence, that but one conclusion can legitimately be drawn, as in decisions of this court cited below; or it may be of such a character as, under the facts disclosed, requires submission to the jury."

In our opinion the stool as described in the declaration in the case at bar, cannot be said to be an appliance so simple that the master was under no duty to inspect, or to keep the same in safe condition for use by the plaintiff.

Applying to this case the test applied in the *Baumler* case, we cannot say that it appears from the facts stated in the declaration, that the plaintiff could not have been in the exercise of due care; or that it is apparent from the allegations of said declaration that if the plaintiff had used her senses, she must have known of the danger complained of. The evidence when introduced may or may not make out a case upon which the plaintiff can recover, but in our opinion it cannot be said that the allegations of the declaration fail to state a case upon which a recovery may be had.

Our conclusion is that the decision of the Superior Court sustaining the demurrer was error.

The plaintiff's exception to said decision is sustained, and the case is remitted to the Superior Court, with direction to overrule the demurrer and for further proceedings.

*Bassett & Raymond,* for plaintiff, *R. W. Richmond,* of counsel.

*Boss & Barnefield,* for defendant.