## The Illinois Steel Company
### *v.*
### John Mann.

*Opinion filed June 19, 1902.*

1. APPEALS AND ERRORS—*erroneous rulings on the evidence must be harmful to reverse.* Erroneous rulings in admitting or refusing to strike out testimony must have been in some way prejudicial to appellant to be ground for reversal.

2. SPECIAL FINDINGS—*question for a special finding should be single and direct.* A question for a special finding should be single and direct and relate to an ultimate and controlling fact in the case.

3. SAME—*party not bound by special finding.* A party is no more bound by a special finding of the jury, in answer to an interrogatory propounded by him, than by a general verdict, and he is entitled to his motion for new trial on that ground if he believes the jury erred, and may take his appeal; but the questions of fact involved in such findings are conclusively settled by the judgment of the Appellate Court.

4. JUDGMENTS—*when motion in arrest is properly denied.* A motion in arrest of judgment, based upon the want of an allegation in the declaration of a failure of defendant to keep its promise to repair, is properly denied, although such fact appears only inferentially in the declaration, where the issue joined was such as necessarily required proof of that fact.

*Illinois Steel Co.* v. *Mann,* 100 Ill. App. 367, affirmed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN C. GARVER, Judge, presiding.

KEMPER K. KNAPP, for plaintiff in error.

PHELPS & CLELAND, and D. I. JARRETT, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A former judgment in this cause in favor of defendant in error was reversed and the cause was remanded to the circuit court of Cook county. A statement of the nature

of the case will be found in the opinion then rendered. (*Illinois Steel Co.* v. *Mann*, 170 Ill. 200.) Upon a re-trial defendant in error again recovered a judgment, which has been affirmed by the Branch Appellate Court for the First District.

At the conclusion of the evidence defendant moved the court to exclude the evidence and direct a verdict of not guilty, and tendered an instruction to that effect. The denial of the motion and refusal to give the instruction are assigned as error. There was evidence fairly tending to prove all the facts necessary to constitute the cause of action. It was proved, and not controverted, that the iron plates with which the floor was paved, where the plaintiff was required to stand and work, had been warped and drawn by the intense heat so as to become uneven; that they had become polished by many years of use so as to be smooth as ice; that the roof above was so defective and out of repair that in a rain storm the water poured down in streams, and in running over the plates with heavy loads, the dirt, sand and water would work out from under them, and that they were unstable and rocked in walking over them. The place was not reasonably safe for the plaintiff to stand and work, and the evidence tended to prove that his injury was occasioned by such condition while he was in the exercise of reasonable care. He testified that he had requested the foreman of the defendant to fix the floor and the foreman promised to fix it, but it was not done. Whether plaintiff's complaint and the promise of the foreman had reference to a threatened danger to plaintiff from the condition of the floor, or only to make it better fit for use in doing the work and running the buggies which carried the ingots over it, or both, as well as whether the time between the alleged promise and the plaintiff's injury was more than was reasonably necessary to enable the defendant to fix the floor, in view of all the circumstances and opportunities for doing such

work, involved a consideration and weighing of all the testimony, and we think the court was right in submitting such questions to the jury. Whether the jury reached the correct conclusion was a question for the trial court and the Appellate Court, and is not open for review here.

It is next claimed that the court erred in ruling on the admissibility of evidence. Plaintiff testified that the iron plates constituting the floor were not laid on anything permanent, but were laid on earth, sand, gravel or anything defendant could gather up, and that they teetered and rocked, and one edge of the plate he was on would roll on another. He was then asked what difference it made in standing, if any, on account of the teetering of the plates, and the court overruled an objection to the question. He replied that a man would be more liable to slip. The witness having described the condition of the floor, the effect could be determined as well by the jury as by any one else. The jury would necessarily know, from their own experience, what difference it would make whether the floor was solid and stable or in the condition described, but the answer did not differ from the common knowledge or add anything to the common and universal experience. The fact could not have been otherwise, and the ruling did no harm to defendant.

Another witness was allowed, against objection, to give his opinion as to the effect of an uneven floor, and said that it would be more apt to cause a man to strike his toe or heel and knock him down. The jury would necessarily have the same opinion on that subject derived from their every-day experience, and the subject was not a suitable one for expert or opinion evidence. The opinion delivered to the jury, however, could not have been hurtful to the defendant.

It is also objected that the court permitted plaintiff to give his general construction of a conversation, instead of testifying to the conversation itself. This objection is applied to plaintiff's testimony that the foreman

said he would have the floor fixed. From reading the testimony it does not appear to have been a general conclusion from the conversation, but rather the substance of what the foreman told the plaintiff.

Plaintiff, in answering a question on cross-examination, volunteered a remark as to the condition of the floor which was not called for and not responsive to the question. The court refused to strike it out, but the fact had been proved before and was not in dispute, and although the court ought to have struck it out the defendant was not harmed in any way.

At the request of defendant the court submitted to the jury three questions for special findings, but refused to submit others which were requested. A question for a special finding should be single and direct and relate to an ultimate and controlling fact in the case, and not to evidentiary facts or facts from which the ultimate fact may be deduced by reason or argument. (*Wolff Manf. Co.* v. *Wilson*, 152 Ill. 9.) The questions which the court refused to submit related indirectly to ultimate facts involved in the case but were evidentiary in their nature, and did not call for direct answers as to such ultimate facts. We think there was no error in refusing to submit them. The proposition, on the other side, that one who has obtained from a jury special findings in answer to questions propounded at his instance cannot afterward dispute the correctness of the replies, is, of course, untenable. A party is no more bound by special findings of a jury than by the general verdict, and if he believes that the jury have erred he is entitled to his motion for a new trial on that ground, and may take his appeal. The questions of fact involved in such findings are conclusively settled by the judgment of the Appellate Court.

There was a motion by defendant in arrest of judgment, which was denied, and it is argued that the court was in error because the declaration failed to allege that there was a failure to keep the promise to repair the

floor, and, therefore, no cause of action was stated. That fact only appears inferentially in the declaration, but the issue joined was such as necessarily required proof of that fact, and the defect, if there was one, was cured by the verdict. *Keegan* v. *Kinnare*, 123 Ill. 280.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*