# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

(No. 12458.—Judgment affirmed.)

PAUL K. BRIMIE, Defendant in Error, *vs.* THE BELDEN MANUFACTURING COMPANY, Plaintiff in Error.

*Opinion filed February 20, 1919.*

1. NEGLIGENCE—*violation of the Factory act must be proved to have been committed by elective officer of corporation sued.* An injured employee bringing a civil action against a corporation, as permitted by section 3 of the Workmen's Compensation act of 1912, must prove not only that the injury was caused by the intentional omission of the defendant to comply with the provisions of the Factory act, but also that the intentional omission was committed by an elective officer or officers of the corporation.

2. SAME—*construction of words "intentional omission," in section 3 of Compensation act of 1912.* In section 3 of the Workmen's Compensation act of 1912, which allows a civil action to an employee whose injury was "caused by the intentional omission of the employer to comply with statutory safety regulations," the words "intentional omission" mean that the person charged with such omission knowingly or consciously omitted to comply with the statutory regulations.

3. PRACTICE—*when defendant is bound by a special finding of fact.* In an action against an employer for personal injuries the defendant is conclusively bound by a special finding of fact that he intentionally omitted to comply with statutory safety regulations unless error has been assigned thereon and the question has also been raised on motion for a new trial.

4. SAME—*objection to a special finding must be specific.* Although in an action for personal injuries a special finding of fact is no more binding upon the defendant than is the general verdict, an objection to the special finding must be specific, and it is not sufficient simply to raise the question by a general objection that the verdict is contrary to the weight of the evidence.

5. SAME—*when objection to special finding may be raised.* In an action for personal injuries the defendant is entitled to raise the correctness of a special finding on motion for a new trial and may take an appeal from the ruling of the trial court thereon.

6. SAME—*a party cannot object to an instruction substantially like his own.* A party cannot assign as error the giving of an instruction when an instruction substantially the same has been given at his own request.

7. SAME—*objections to the trial court's rulings on evidence not raised in the Appellate Court are waived.* Objections to the trial court's rulings in admitting and excluding evidence in a civil action for personal injuries cannot be made in the Supreme Court if not raised or urged in the Appellate Court.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding.

WILKERSON, CASSELS & POTTER, (RALPH F. POTTER, of counsel,) for plaintiff in error.

AMOS W. MARSTON, and CHARLES C. SPENCER, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action by the defendant in error, Paul K. Brimie, against plaintiff in error, the Belden Manufacturing Company, for personal injuries. Defendant in error obtained a verdict in the circuit court of Cook county for $3200, on which judgment was entered. On appeal to the Appellate Court the judgment was affirmed, and the cause has been brought here on petition for *certiorari.*

Plaintiff in error was engaged in the manufacture of insulated wire. A part of its equipment consisted of a certain rubber-heating or mixing machine. This consisted of two rollers sixteen inches in diameter, arranged horizontally and with a space between the rolls of about three-eighths of an inch. The rolls were operated by power so that the top surfaces turned toward each other, somewhat like an ordinary clothes wringer, one roll at twenty revolutions per minute and the other at sixteen. This machine was used to heat and mix the rubber. The rolls were artificially heated when first operated in the morning, but during the rest of the day the friction between the rubber and the rolls from the different speeds at which the rolls turned generated sufficient heat to make the rubber plastic. The rubber was fed in pieces by hand from the top between the two rollers, and until properly heated the operator would reach in with his left hand at the bottom of the rollers and take the pieces of rubber out as they came through. This process was repeated until the entire mass became sticky, when it would adhere to one of the rollers, after which the operator cut it off. Defendant in error's hand was drawn in between the rollers and injured while feeding this machine. He had been employed by plaintiff in error in this work for about two days and a half before the injury, which occurred on December 16, 1912. Before being so employed he had no experience in this character of work.

This action was brought under section 3 of the Workmen's Compensation act in force May 1, 1912, (Laws of 1911, p. 316,) which permitted an employee to maintain a civil action against the employer, provided the injury was caused by the intentional omission of the employer to comply with the statutory safety regulations. The right of defendant in error to maintain this action depended not only upon his proving that his injury was caused by the intentional omission of plaintiff in error to properly guard said rollers and machinery as provided by the Factory act,

but also that said intentional omission was committed by an elective officer or officers of plaintiff in error. (*Von-Boeckmann* v. *Corn Products Refining Co.* 274 Ill. 605.) On the trial several witnesses testified on each side as to the practicability of guarding this machine. Those for the plaintiff in error testified that it was not practicable and that they knew of no practical guard ever used on a machine of that kind for the protection of the operator, while several of the witnesses for defendant in error testified it was practicable and that they had seen machines of similar character guarded and protected, stating by whom such machines were owned and in what city located. So far as we find from the record there was no attempt on the part of plaintiff in error to contradict this evidence that such machines so located had practical safety guards in use. There can be no question from this record that the president of the plaintiff in error corporation had full knowledge of the condition of this machine; that it was unprotected and dangerous and that several employees had been injured in operating it before defendant in error was employed. Section 3 of the Workmen's Compensation act here under discussion provides that if the injury to the employee "was caused by the intentional omission of the employer to comply with statutory safety regulations," nothing in the act shall affect the civil liability of the employer. The words "intentional omission" as so used would seem to mean that the person charged with such intentional omission "knowingly or consciously omitted to comply with" the statutory safety regulations. The lexicographers state that the word "willful" is synonymous with "intentional," and this court has so held. (*Gillett* v. *Wiley,* 126 Ill. 310; *Chicago City Railway Co.* v. *Olis,* 192 id. 514.) In *Odin Coal Co.* v. *Denman,* 185 Ill. 413, it was stated (p. 418): "An act consciously omitted is willfully omitted, in the meaning of the word 'willful,' as used in these enactments of our legislature relative to the duty of mine owners."

See, also, to the same effect, *Peebles* v. *O'Gara Coal Co.* 239 Ill. 370, and *Carterville Coal Co.* v. *Abbott*, 181 id. 495.

The record shows that a special interrogatory was submitted to the jury on behalf of plaintiff in error upon which the jury specially found that the president of the plaintiff in error corporation, prior to the time of the injury, intentionally omitted to comply with the statutory safety regulations applicable to the machine operated by the defendant in error at the time he was injured. The principal arguments in the briefs center about this special interrogatory and finding. It has been held by this court that the defendant is conclusively bound by a special finding of fact such as is here involved unless error has been assigned thereon and the question has also been raised on the motion for a new trial. (*Avery* v. *Moore*, 133 Ill. 74; *Pennsylvania Coal Co.* v. *Kelly*, 156 id. 9; *Empire Laundry Machinery Co.* v. *Brady*, 164 id. 58; *Voigt* v. *Anglo-American Provision Co.* 202 id. 462.) No motion was made by plaintiff in error to set aside this special finding of fact in the trial court nor was any error assigned thereon, either in the Appellate Court or this court. It is, however, contended here that the question was preserved by motion made by plaintiff in error in the trial court requesting that court to direct a verdict for plaintiff in error, and was also preserved in the motion for new trial by the general objection that the verdict was contrary to the weight of the evidence. Under the rulings of this court neither of these points can be sustained.

Counsel for plaintiff in error argue that the special finding is wholly unsupported by the evidence, and that therefore, under the rulings of this court in *Pate* v. *Blair-Big Muddy Coal Co.* 252 Ill. 198, and *Yarber* v. *Chicago and Alton Railway Co.* 235 id. 589, the motion to direct a verdict raised the question as to whether the special interrogatory and finding were supported by the evidence. We can not agree with counsel that there is no evidence in the rec-

ord that tends to show that the machine in question could be properly safeguarded. As already stated, there was evidence to the effect that it could be safeguarded, given on behalf of defendant in error. This being so, the verdict of the jury and the judgment of the trial court, approved by the judgment of the Appellate Court, are binding in this court upon a controverted question of fact such as this. *Illinois Steel Co.* v. *Mann,* 197 Ill. 186; *Voigt* v. *Anglo-American Provision Co. supra.*

It is also argued by counsel for plaintiff in error that in none of the cases heretofore decided by this court on a question of special finding of facts was it argued that there was an entire lack of evidence to support such special finding. We cannot agree with counsel in this regard. In *Pennsylvania Coal Co.* v. *Kelly, supra,* it is stated on page 15: "The case is, however, urged on behalf of appellant as though it was not bound by the special findings, and it is said some of them are wholly unsupported by the evidence. No objection of that kind was taken before the trial court, by motion for new trial or otherwise, and therefore it cannot be urged now. [Citing authorities.] Certainly the defendant regarded those facts as being in controversy upon the trial else it would not have asked the jury to pass upon them." That case, unless overruled on this point, is conclusive as against plaintiff in error.

It is also argued by counsel that the general objection in the motion for a new trial that the verdict was contrary to the weight of the evidence was sufficient to question the validity of the special finding. We agree with the argument of counsel for plaintiff in error that a special finding is no more binding upon plaintiff in error than is the general verdict. The plaintiff in error is entitled to raise the correctness of a special finding on motion for new trial, and may also take an appeal from the ruling of the trial court thereon. (*Illinois Steel Co.* v. *Mann, supra.*) But the objection to the special finding must be specific, and it is not

sufficient to simply raise the question by a general objection that the verdict is contrary to the weight of the evidence. This court, in discussing this question in *Voigt* v. *Anglo-American Provision Co. supra,* said (p. 466) : "In the case at bar we do not understand * * * that the Appellate Court regarded the decision below as conclusive of the facts, but only that the objection that the verdict was against the weight of the evidence applied only to the general verdict and not to the answers of the jury to the special interrogatories submitted to be answered, as this court has already held, [citing authorities,] and that the special findings, not having been mentioned as a ground for new trial, could not be assigned as error in the Appellate Court, and that, such findings being unquestioned and substantially conclusive of the facts upon which the question of liability depended, the judgment could not on the alleged error be reversed. And we have held that the question of fact involved in such findings are conclusively settled by the judgment of the Appellate Court.—*Illinois Steel Co.* v. *Mann,* 197 Ill. 186." Under this reasoning from the *Voigt case, supra,* it is clear that it cannot be held that the general assignment of error in a motion for a new trial that the verdict was against the weight of the evidence raises the question sought to be raised here as to the validity of the special finding. The able and earnest argument of counsel for plaintiff in error that this court so held in *Illinois Steel Co.* v. *Mann, supra,* is fully answered in the quotation from *Voigt* v. *Anglo-American Provision Co. supra.*

Counsel for the plaintiff in error argue further that the fourth instruction given on behalf of defendant in error was erroneous, in that it imposed upon the president of the plaintiff in error corporation the burden of applying a guard without knowledge upon his part of the possibility of applying such guard and without requiring the existence of such facts or conditions which would constructively notify him of the same. The wording of the instruction es-

287 — 2

pecially objected to, as we understand it, is as follows: "And if you further believe from the evidence that it was practicable to have enclosed, fenced or otherwise protected said rollers and that the president of the defendant corporation knew the condition of said machine, and that he knowingly or consciously operated it, or allowed it to be operated, without conforming to the said provisions of said act, then you are instructed that that would constitute an intentional or willful violation of said act." They argue that this wording of the instruction is directly contrary to the instructions given by the court on their behalf on this question, while counsel for defendant in error argue that practically the same wording was given in instructions on behalf of plaintiff in error. As we understand the arguments of counsel, we agree with counsel for defendant in error that instructions 21 and 22 were worded substantially like instruction 4 on the disputed question. A party can not assign as error the giving of an instruction when substantially the same instruction has been given at his own request. *Chicago and Northwestern Railway Co.* v. *West Chicago Park Comrs.* 151 Ill. 204; *Baltimore and Ohio Southwestern Railway Co.* v. *Then,* 159 id. 535.

Counsel for plaintiff in error also urge that the court erred in admitting and excluding evidence. We have given these questions due consideration, and find from plaintiff in error's Appellate Court brief filed herein that some of them were not raised or urged in the Appellate Court and therefore cannot be raised here, and as to the others we do not think the rulings of the trial court were in any way prejudicial to plaintiff in error.

We find no material error in the record, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*