Edward J. Snow, Plaintiff-Appellant, v. John R. Farwick and United Parcel Service, Inc., a Corporation, Defendants-Appellees.

Gen. No. 53,098.

First District, Second Division.

February 3, 1970.

Mitgang & Levine, of Chicago (John B. Schwartz, of counsel), for appellant.

Schaffenegger & Watson, of Chicago (Jack L. Watson, of counsel), for appellees.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Cook County denying plaintiff's motion for a new trial, entered after a jury returned a verdict for the defendants and answered a special interrogatory also in defendants' favor. Plaintiff asserts that denial of the motion was error in that (a) the jury's verdict and answer to special interrogatory were against the manifest weight of the evidence, and (b) submission of defendants' special interrogatory to the jury was error.

The injuries of which plaintiff complains are alleged to have been sustained as the result of a collision between the automobile in which plaintiff was riding as a passenger and a truck operated by the defendant United Parcel Service and driven by its employee, defendant John R. Farwick.

Lewis Golik, driver of the auto in which plaintiff was riding, was called by the plaintiff and testified as follows. On May 16, 1961, at approximately 3:45 p. m. he was driving his automobile in a northerly direction on Kedzie Avenue. He was in the curb lane as he approached the intersection at 31st Street. There were three passengers in the car, including plaintiff who was sitting in left rear seat. Traffic was extremely heavy at the time and proceeded in a stop and go fashion. Before he reached the intersection his car was struck at the post between the front and rear doors on the right side by a United Parcel Service truck which had emerged from a driveway. The truck was facing in a westerly direction.

The witness did not see the truck until immediately prior to the collision when someone shouted "look out." Upon sighting the truck the witness attempted to brace himself. Nevertheless, the force of the impact caused his body to be thrown to the left. Also as a result of

41

the impact, the body of the car tilted to the left and the passenger in the right front seat was thrown toward the witness. The witness did not recall seeing any other truck, nor did he signal the United Parcel Service Truck to proceed prior to the collision. He did not accelerate his car at any time while in the vicinity of the driveway from which the truck emerged. The truck was driven by the defendant, Farwick.

After the collision the witness surveyed the damage to his automobile. The front of the truck struck his vehicle at the right post causing both doors and the post to be pushed inward. To the best of his recollection the cost of repairs was $225.

At the scene of the collision witness noticed that plaintiff, a fellow employee, appeared to be injured and was slightly bent over. Plaintiff did not return to work for some time and when he did return he did not do the hard work which he had performed prior to the collision. Formerly the plaintiff had been a jovial person, but since the occurrence he acted as though he had worries and appeared to have aged.

Carl E. Jensen, the second witness called by the plaintiff, was a passenger in the right front seat of the Golik auto. He first saw the truck as it stood in the driveway four to five feet to the right (east) of the Golik auto. At this time the Golik vehicle was blocking approximately three-fourths of the mouth of the driveway. The truck then started forward and continued without stopping until it struck the Golik vehicle. The witness estimated the speed of the truck at four to five miles per hour. At impact the witness was thrown forward and to his left, his body striking the dashboard and steering wheel. His hat was thrown to the left side of the rear seat. When he saw the truck move forward he thought that its driver could see the car and would stop. There was not sufficient room between the Golik vehicle and that immediately ahead for the truck to pass

between them. The witness noticed that Snow, plaintiff, looked pale following the collision.

Plaintiff's brother, John Sosnowski, passenger in the right rear seat, testified that the collision occurred as the car began to move forward following a change of the traffic signal at 31st Street. The truck had been standing in a driveway while the car was stopped. Immediately prior to the collision, the distance between the Golik vehicle and that ahead of it was two to three feet. The impact caused the car to be moved eighteen to twenty-four inches to the left and caused the witness to be thrown to the left and into his brother. He landed on top of his brother. He estimated the truck's speed to be five miles per hour.

Mr. Sosnowski finally testified that his brother was not the same when he returned to work. He required help in doing certain heavy work which he had previously done alone.

Officer Richard Schneider of the Chicago Police Department was the fourth witness called by the plaintiff. He testified that he was sent to investigate the collision in question and spoke with defendant Farwick at the scene. Farwick told him that he did not know how far he was from the car when he first saw it and estimated his speed prior to the collision at three to four miles per hour.

The Officer further testified that he conversed with the occupants of the Golik vehicle and they appeared to him to be "shaken-up." Plaintiff complained of a scratch on his right hand and a back injury, but refused first aid, indicating that he would see his own doctor.

Elmo Brown, called as a witness by the plaintiff, testified that he was standing in an auto storage lot south of 31st Street on Kedzie Avenue at the time of the collision. He first observed the truck as it emerged from the driveway but was not yet across the sidewalk. The truck continued forward without stopping until it struck

43

the Golik auto. No horns were sounded prior to the collision.

Edward Snow, plaintiff, testified as follows. He was a passenger in the left rear seat and had nothing to do with the operation of the automobile. He did not see the truck prior to the collision, nor did he have any warning prior to the collision. The force of the impact caused him to be thrown first to his left, into the corner formed by the rear seat and the side of the car and then to his right. His brother, seated to his right, was thrown toward him. A hat which the passenger in the right front seat had been wearing was thrown toward him. Following the collision he asked the driver of the truck why he had struck them and he responded that the driver of another truck had given him a signal to proceed.

Shortly thereafter the witness began to feel dizzy and faint, so he returned to the car. After getting back in the car he began to experience pain in the lower portion of his back, below the beltline. He also experienced pain and a dull throbbing sensation in his neck. The police officer at the scene asked if he was injured and wished medical assistance to which witness responded that he was injured, but would see his own doctor for treatment.

The plaintiff then testified to facts concerning doctors whom he had consulted and treatments which he had undergone to relieve the pain in his back. Aside from affording temporary relief, the treatments have been ineffective. Witness also testified that he no longer enjoys long walks, hunting or fishing trips as he did previously due to the pain in his back. He can no longer perform heavy work either at his place of employment or at home. He spends the half-hour lunch period at work lying on a hard bench to relieve the pain in his back. He can not squat or stoop since after doing so he is unable to straighten up. While at work he wears a back brace.

John Farwick, the only witness called for the defense, testified as follows. Prior to the collision he was standing in the driveway, facing in a westerly direction. It was his intention to cross the path of northbound traffic, turn left and proceed south on Kedzie Avenue. He stopped his vehicle at the sidewalk to check for pedestrian traffic and then proceeded forward, stopping again at the parkway to view vehicular traffic. Northbound traffic on Kedzie Avenue was backed up as far as he could see. The Golik car was stopped at the edge of the driveway, six to seven feet to the left of the witness. Next to the Golik car was a semitrailer truck, the driver of which motioned for him to proceed to make the left turn which his turn signal indicated he wished to make.

As the traffic light on the corner changed, the northbound traffic was afforded an opportunity to move forward. As the car ahead of Golik moved forward, witness also moved, looking to his right to view southbound traffic. No one in the Golik auto signaled him to proceed and he did not look back to his left as he started forward. He never saw the Golik car in motion, did not see it again until the collision. The last time he saw the Golik car there was a space of three to four feet between it and the vehicle immediately ahead. Finally, Farwick testified that he did not sound his horn prior to the collision and that he had approximately seven hundred pounds of cargo aboard. The Golik car tilted up, to the left, when struck.

We consider first plaintiff's contention that submission of defendants' special interrogatory was error. In support of this allegation, he argues that the interrogatory was confusing and ambiguous in that it required the jury to consider more than a single question and also that it allowed the jury to consider injuries rather than the collision as being caused by negligence.

The interrogatory submitted reads:

45

Was the defendant, JOHN R. FARWICK, guilty of negligence which was the proximate cause of the plaintiff's alleged injuries?

This interrogatory was answered "No."

█ █ Plaintiff argues that three questions are asked by this interrogatory, one relating to negligence, one to causation, and one to existence of injuries. We do not find the interrogatory to be confusing or ambiguous. Special interrogatories, to be proper, must relate to some ultimate fact upon which the rights of the parties depend, Golden v. Big Bear Foods, Inc., 102 Ill App2d 237, 243 NE2d 730 (1968). Each of the above questions are evidentiary in nature in that none of them singly are determinative of the rights of the parties. Plaintiff cannot prevail if he was not injured, nor if defendant was not negligent, nor if his injuries were not proximately caused by a negligent act of the defendant. All three items, negligence, causation, and injury are necessary to plaintiff's case. The absence of one of these items would render the interrogatory improper for failure to relate to the question of ultimate fact. Finally, it is true that in many, if not all, cases where personal injury results from a negligent act or omission the actual physical injury is inflicted by a physical agency other than defendants' act. Nevertheless, the basis for recovery of damages is the causal connection between the negligent act or omission and the injury sustained. The law is concerned with negligence as the proximate cause, not of some physical force applied against the person injured, but rather the end result; i. e., the injuries themselves. Were this not the case there would be no room in the law of negligence for the defense of contributory negligence. We do not find the interrogatory to be ambiguous or confusing.

█ We agree with plaintiff, however, that the answer to the special interrogatory and verdict were against

the manifest weight of the evidence. Plaintiff presented six witnesses whose collective testimony presented a cohesive and consistent case, and the testimony of defendant Farwick served more to substantiate than discredit it. Farwick admitted that he received no signal to proceed from any occupant of the Golik auto. In addition, he testified that after receiving a signal from another truck driver to proceed he started forward and looked to his right. Never again did he look to the left to ascertain whether the position of the Golik auto had changed. He never saw that vehicle in motion, did not see it again until the collision had occurred.

We find the verdict and answer to the special interrogatory to be against the manifest weight of the evidence. Accordingly the judgment is reversed and the cause remanded for a new trial.

Judgment reversed and cause remanded for a new trial.

McCORMICK, P. J. and BURKE, J., concur.