JOHN T. SANTOS, Plaintiff-Appellee, v. CHICAGO TRANSIT AUTHOR-ITY, Defendant-Appellant.

First District (4th Division)   No. 1—89—1449

Opinion filed May 10, 1990.

Rabens, Formusa & Glassman, Ltd., of Chicago (S. Joseph Formusa, of counsel), for appellant.

Raymond P. Concannon, Ltd., of Chicago (Raymond P. Concannon and Michael P. Concannon, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, John T. Santos, sued the Chicago Transit Authority (CTA) for injuries he sustained during a January 18, 1980, accident in which a CTA bus struck Santos as he ran toward the bus. After a trial, the jury found in Santos' favor based upon the parties' comparative negligence, but reduced the verdict awarded to plaintiff by 60%.

On appeal, the CTA argues that the trial court: (1) improperly

failed to grant defendant's motions for directed verdict, for judgment notwithstanding the verdict, and for a new trial; (2) improperly failed to submit to the jury defendant's special interrogatories; and (3) improperly ruled on the introduction and exclusion of certain evidence. The CTA also argues that several remarks which plaintiff's counsel made during his closing argument denied the defendant's right to a fair trial. Because we conclude that the trial court erroneously failed to submit to the jury the defendant's special interrogatories, we reverse and remand this matter for a new trial.

BACKGROUND

During the evening of January 18, 1980, plaintiff and his girlfriend stood in an apartment doorway near the intersection of Irving Park Road and Southport while waiting for a bus to arrive. After Santos saw the bus approach, he ran to the curb to "flag down" the bus. When the bus reached the intersection, it turned west (right) down Irving Park Road. At this time, Santos neared the bus and began knocking on the front door. He testified that the bus came onto the sidewalk during the turn and knocked him over. Santos did not think that the bus actually ran over him, but that, instead, the bottom of the bus caught his right leg and dragged him along onto Irving Park Road. Plaintiff's girlfriend unsuccessfully tried to pull him out from under the bus. Santos testified that he lost consciousness after a short while.

As a result of the accident, Santos' right shoulder was broken, his right lung was punctured, his ribs were broken, his right leg was "ripped open," his pelvic bone was broken, and doctors had to remove his right kidney. He explained that his right shoulder, hip, and leg hurt "off and on," and that he must urinate more frequently after the accident.

Leroy Hervy, the bus driver, testified that he did not see Santos before the accident. Hervy did not realize that the bus had come into contact with Santos until he saw, in the rear view mirror, that plaintiff was in the process of falling in the vicinity of the rear door. Hervy then heard a "little bump" coming from the right side of the bus as he was turning onto Irving Park Road. Hervy stopped the bus and went to look at Santos, who was pinned under the bus behind the rear wheels. By the time Hervy reached plaintiff, Santos' girlfriend was kneeling over him. She helped pull Santos out from under the bus and stood him up against an adjacent building. Hervy reentered the bus and called for an ambulance.

The trial court instructed the jury on both contributory and com-

parative negligence. Defendant tendered to the court two special interrogatories. The first asked, "Was there contributory negligence on the part of the plaintiff before and at the time of the occurrence which was the sole proximate cause of his injuries?" The second asked, "Was there contributory negligence on the part of John Santos immediately before and at the time of his injuries? If your answer to the preceding question is 'Yes', was that negligence the sole proximate cause of his injuries?" The record discloses that the trial court refused to submit to the jury both of these special interrogatories.

The jury determined that plaintiff was 60% negligent. After reducing the plaintiff's total damages by 60%, the jury calculated that plaintiff was entitled to recover $189,483.60 in damages.

Defendant filed a post-trial motion, which the trial court denied. The CTA then filed the instant appeal.

OPINION

The CTA initially argues that the trial court improperly failed to grant its motions for a directed verdict and for judgment notwithstanding the verdict because plaintiff's testimony was "highly equivocal and contrary to irrefutable physical facts." The defendant maintains that plaintiff testified inconsistently about facts such as when he began to run from the doorway to flag down the bus and where he stood when he made contact with the bus.

■ We disagree with defendant's position on this issue. A directed verdict or judgment notwithstanding the verdict is proper only in those cases in which all of the evidence, when viewed in the aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. *Owens v. Stokoe* (1986), 115 Ill. 2d 177, 184, 503 N.E.2d 251, 254; *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.

■ Our review of the instant record indicates that sufficient evidence exists upon which the trial court could determine that the defendant was not entitled to judgment as a matter of law. Although plaintiff testified somewhat unclearly about the events leading to the accident and the accident itself, the record also indicates that he lost consciousness for a short time after he made contact with the bus. We are hesitant to speculate about what effect plaintiff's loss of consciousness had on his ability to recall details of the accident. However, we note that it was for the jury, as trier of fact, to decide how much weight to accord plaintiff's testimony and the inferences to be drawn from the evidence. (*St. Gemme v. Tomlin* (1983), 118 Ill. App. 3d 766,

768, 455 N.E.2d 294, 296.) We therefore decline to substitute our judgment for that of the trier of fact. Moreover, the photographs which were included in the record on appeal do not conclusively support the defendant's argument that the accident could not have possibly happened as plaintiff described. Because reasonable minds could differ on the interpretation of the record evidence, the trial court properly denied defendant's motions for a directed verdict and for judgment notwithstanding the verdict.

Next, defendant argues that the trial court improperly failed to submit to the jury its special interrogatories. The CTA maintains that the court did not have the discretion to refuse to submit to the jury these interrogatories since they related to a material issue of ultimate fact in the case, *i.e.*, plaintiff's own negligence. In response, plaintiff maintains that: (1) defendant waived this argument because, by failing to file a transcript of the jury instruction conference, defendant failed to preserve this issue on appeal; and (2) assuming that the record is sufficiently complete, the trial court properly refused to submit the special interrogatories because the jury instructions adequately instructed the jury on comparative negligence.

We agree with the defendant that the trial court erroneously failed to submit to the jury its special interrogatories.

Section 2—1108 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1108) discusses when a special interrogatory is to be used:

> "Unless the nature of the case requires otherwise, the jury shall render a general verdict. The jury may be required by the court, and must be required on request of any party, to find specially upon any material question or questions of fact submitted to the jury in writing. Special interrogatories shall be tendered, objected to, ruled upon, and submitted to the jury as in the case of instructions. Submitting or refusing to submit a question of fact to the jury may be reviewed on appeal, as a ruling on a question of law. When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may enter judgment accordingly."

■ A special interrogatory is not designed to instruct the jury. Rather, it requires the jury to determine one or more specific issues of ultimate fact and serves as a check upon the jury's deliberation. (*Noel v. Jones* (1988), 177 Ill. App. 3d 773, 783, 532 N.E.2d 1051, 1056; *Saldana v. Wirtz Cartage Co.* (1977), 55 Ill. App. 3d 440, 443, 370 N.E.2d 1131, 1134, *rev'd on other grounds* (1978), 74 Ill. 2d 379, 385 N.E.2d 664.) When a special interrogatory is in proper form and

relates to a material issue of ultimate fact, the trial court must submit it to the jury (*Shaheed v. Chicago Transit Authority* (1985), 137 Ill. App. 3d 352, 362, 484 N.E.2d 542, 550), even if the subject matter of the special interrogatory is covered by an instruction. (*Noel v. Jones*, 177 Ill. App. 3d at 783, 532 N.E.2d at 1056.) It should contain a single direct question; should not be repetitive, misleading, confusing, or ambiguous; and should use the same language or terms as the instructions contain. *Zois v. Piniarski* (1982), 107 Ill. App. 3d 651, 652-53, 437 N.E.2d 1251, 1252.

▣ In the case at bar, defendant asked the trial court to submit to the jury special interrogatories relating to plaintiff's contributory negligence. The interrogatories related to a material issue of ultimate fact in the case—plaintiff's own negligence and its role in his injuries. Their wording was not confusing, misleading, or ambiguous, and they were couched in the same terms as were the instructions. Thus, the interrogatories were in proper form and should have been submitted to the jury. (See *Patterson v. Spinney Run Farms Corp.* (1974), 19 Ill. App. 3d 1013, 313 N.E.2d 189 (special interrogatory which focused on whether plaintiff, before and after the occurrence, was guilty of negligence which proximately caused or contributed to cause his injury was in proper form); see also *Bernardi v. Chicago Steel Container Corp.* (1989), 187 Ill. App. 3d 1010, 1021, 534 N.E.2d 1004, 1012; *Mudd v. Goldblatt Brothers, Inc.* (1983), 118 Ill. App. 3d 431, 437, 454 N.E.2d 754, 759 (when there is a factual question about plaintiff's conduct and its causal relationship to the injury in a negligence case, a special interrogatory on the question of contributory negligence is proper).) Therefore, because the instant interrogatories related to a material issue of ultimate fact, and were in proper form, we necessarily conclude that the trial court erroneously failed to submit them to the jury.

In support of his position, plaintiff argues that the trial court was not required to submit these interrogatories to the jury because the court had already adequately instructed it on comparative negligence. We reject this argument. As already noted, a special interrogatory is not designed to instruct the jury, but, rather, to test a general verdict against the jury's conclusions concerning the ultimate controlling facts. See *Norton v. Wilbur Waggoner Equipment Rental & Excavating Co.* (1980), 82 Ill. App. 3d 727, 735, 403 N.E.2d 108, 114.

Thus, because section 2—1108 mandates that the jury be required to find specially upon any material question of fact submitted to it in writing, the trial court erroneously refused to give defendant's special interrogatories as section 2—1108 required. We therefore reverse the

judgment of the circuit court of Cook County and remand this cause for a new trial. *Ott v. Burlington Northern R.R. Co.* (1986), 140 Ill. App. 3d 277, 282, 488 N.E.2d 606, 609.

Reversed and remanded for a new trial.

JIGANTI and JOHNSON, JJ., concur.