NORMA L. SNYDER *et al.*, Plaintiffs-Appellees, v. CURRAN TOWNSHIP, Defendant-Appellant.

Fourth District    No. 4—93—0714

Argued January 23, 1996.—Opinion filed June 5, 1996.—Rehearing denied July 8, 1996.

GARMAN, J., dissenting.

Jay S. Judge (argued), Kristine A. Karlin, Michael J. Toussaint, and Edward F. Dutton, all of Judge & James, Ltd., for appellant.

Barry O. Hines (argued) and R. Kurt Wilke, both of Barber, Segatto, Hoffee & Hines, of Springfield, for appellees.

JUSTICE STEIGMANN delivered the opinion of the court:

Plaintiffs, Norma L. Snyder (Norma) and Tommy Dean Snyder, sued defendant, Curran Township, in an action for personal injuries. In March 1993, a jury returned a verdict in favor of Norma and awarded damages. Defendant appeals from the denial of its post-trial motions for a judgment *n.o.v.* or a new trial. We reverse and remand for a new trial.

## I. BACKGROUND

In March 1987, Norma was driving east in the afternoon on Route 7 South, a narrow township road in rural Sangamon County. She failed to negotiate a sharp right bend in the road at the top of a hill, lost control of her van, and sustained severe injuries, including loss of her sight. On the left side of the roadway approximately 67 to 120 feet before the bend, defendant had erected a sign indicating a right "reverse turn." Plaintiffs alleged that this placement did not conform with the State manual advising placement of warning signs on the right side of the road and 425 feet in advance of a curve. Plaintiffs contended that the township had negligently placed the sign, which intended to warn motorists of the sharp hidden curve Norma failed to negotiate. The jury returned a verdict for Norma for $1,077,000, which the trial court reduced to $581,580 based on the jury's finding she was 46% contributorily negligent. The jury awarded plaintiff Dean Snyder nothing for his loss of consortium claim.

In its appeal to this court in 1994, defendant argued that (1) its decision regarding placement of the roadway warning sign was protected by discretionary immunity; (2) placement of the sign was not a proximate cause of Norma's injuries; and (3) the trial court erred by (a) admitting evidence of a prior accident; (b) refusing defendant's special interrogatory and jury instruction; and (c) submitting plaintiffs' instructions to the jury.

We concluded in that initial appeal that defendant's sign placement was protected by discretionary immunity and reversed the trial court's denial of defendant's motion for judgment *n.o.v. Snyder v. Curran Township*, 267 Ill. App. 3d 174, 175, 641 N.E.2d 3, 4 (1994).

In October 1995, the supreme court reversed this court, found discretionary immunity did not protect defendant, and returned the case to us for consideration of the other issues defendant raised on appeal. *Snyder v. Curran Township*, 167 Ill. 2d 466, 477, 657 N.E.2d 988, 994 (1995).

## II. ANALYSIS

### A. Form of Defendant's Special Interrogatory

Of the issues remaining for disposition, defendant first argues that the trial court committed reversible error by refusing to submit defendant's special interrogatory, which stated as follows: "On the date of the accident and at the time and place of the accident in question in this case, was the driving conduct of the plaintiff, Norma Snyder, the sole proximate cause of the accident?" We agree that the court erred by refusing to submit this special interrogatory to the jury.

•1 Section 2—1108 of the Code of Civil Procedure (Code) provides as follows:

> "Unless the nature of the case requires otherwise, the jury shall render a general verdict. The jury may be required by the court, *and must be required on request of any party, to find specially upon any material question or questions of fact* submitted to the jury in writing. Special interrogatories shall be tendered, objected to, ruled upon and submitted to the jury as in the case of instructions. Submitting or refusing to submit a question of fact to the jury may be reviewed on appeal, as a ruling on a question of law. When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may enter judgment accordingly." 735 ILCS 5/2—1108 (West 1992).

It is well settled that a special interrogatory is in proper form if (1) it relates to an ultimate question of fact upon which the rights of the parties depend, and (2) an answer responsive to the interrogatory might be inconsistent with a general jury verdict. *Worthy v. Norfolk & Western Ry. Co.*, 249 Ill. App. 3d 1096, 1103, 619 N.E.2d 1371, 1376 (1993); *Noel v. Jones*, 177 Ill. App. 3d 773, 783, 532 N.E.2d 1050, 1056 (1988). Further, the supreme court has held that a proper special interrogatory consists of a single, direct question (*Illinois Steel Co. v. Mann*, 197 Ill. 186, 189, 64 N.E. 328, 330 (1902)), and is "one which, if found, must be controlling" of the general verdict (*Chicago City Ry. Co. v. Olis*, 192 Ill. 514, 518, 61 N.E. 459, 460 (1901)). Additionally, a special interrogatory should not be repetitive, misleading, confusing, or ambiguous. *Santos v. Chicago Transit Authority*, 198 Ill. App. 3d 866, 870, 556 N.E.2d 607, 610 (1990).

Despite those well-settled principles, the *specific* requirements of a proper special interrogatory remain unclear. Many cases hold that a special interrogatory is ambiguous unless it uses the same terms as those set forth in the court's instructions to the jury. See, *e.g.*, *Lundquist v. Nickels*, 238 Ill. App. 3d 410, 434, 605 N.E.2d 1373, 1389-90 (1992) (holding that an interrogatory was improper because it failed to refer specifically to plaintiff's "comparative" negligence). However, this court recently held in *Kessinger v. Grefco, Inc.*, 273 Ill. App. 3d 275, 281, 652 N.E.2d 1203, 1208 (1995), that "[w]hile use of words in the interrogatories which were also used in other instructions might have been desirable, we consider the interrogatories [here, which did not,] very clear." See also *Eaves v. Hyster Co.*, 244 Ill. App. 3d 260, 265-66, 614 N.E.2d 214, 218 (1993), in which the court concluded that the following interrogatory—which did not include the word "negligence"—was proper: " 'Do you find that an absence of warnings and instructions *** was a proximate cause of plaintiff's injury?' "

In addition, some cases hold that a proper special interrogatory must contain all the elements necessary for a finding of guilt. See *Noel*, 177 Ill. App. 3d at 786, 532 N.E.2d at 1058 (holding that if one of the elements in a special interrogatory regarding defendant's negligence—namely, negligence, proximate cause, or injury—is omitted, it is insufficient to override the general verdict and is thus improper); see also *Snow v. Farwick*, 121 Ill. App. 2d 40, 46, 257 N.E.2d 155, 158 (1970). However, other cases have deemed interrogatories proper which focused on one element, provided it was dispositive of the claim. In *Costa v. Dresser Industries, Inc.*, 268 Ill. App. 3d 1, 11, 642 N.E.2d 898, 905 (1994), the court held that the following interrogatory was proper: " 'Do you find that Dominic Costa died from the disease of mesothelioma?' " In so holding, the court stated that

> "[t]he issue of whether the decedent died of mesothelioma was a question of ultimate fact. The plaintiff's entire case was premised on her claim that the decedent died of mesothelioma as a result of asbestos exposure. One of the main defenses raised to her claim was that he died of bronchogenic carcinoma unrelated to asbestos exposure. Thus, a jury finding that the decedent did not die of mesothelioma would be dispositive of the plaintiff's claim." *Costa*, 268 Ill. App. 3d at 11, 642 N.E.2d at 905.

In *Chavez v. Watts*, 161 Ill. App. 3d 664, 674, 515 N.E.2d 146, 153 (1987), the court upheld a special interrogatory which focused solely on whether defendant's car hit plaintiff and wrote the following:

> "[T]he question of whether or not defendant's car hit plaintiff was one of the ultimate issues in the case [where plaintiff alleged negligence and willful and wanton misconduct]. Plaintiff main-

tained throughout the trial that the car had hit her, whereas defendant consistently denied that it had."

●2 Because section 2—1108 of the Code is ambiguous regarding the specific requirements of a proper special interrogatory, and because decisions interpreting that section do not clearly set forth specific requirements, this court may appropriately look to other sources to ascertain legislative intent. *People v. Ross*, 168 Ill. 2d 347, 352, 659 N.E.2d 1319, 1321 (1995). In *Ross*, the supreme court wrote that in such circumstances, "[o]ne *** source [to consider] is the committee comments to the statute, which, although not binding upon this court, are persuasive authority." *Ross*, 168 Ill. 2d at 352, 659 N.E.2d at 1321. The historical and practice notes for section 2—1108 of the Code, written by Albert E. Jenner, Jr., Philip W. Tone, and Arthur M. Martin, state, in relevant part, as follows:

> "The special interrogatory is a *simple* but effective device for *testing the jury's comprehension* of a case. ***
>
> The special interrogatory also can serve to *clarify and sharpen the jury's consideration of the questions* presented by the case ***. ***
>
> In order for a special interrogatory to serve its purpose, the *terms* of the interrogatory *must be understood by the jury*." (Emphasis added.) Ill. Ann. Stat., ch. 110, par. 2—1108, Historical & Practice Notes, at 771 (Smith-Hurd 1983).

These statements indicate the legislature's intent that a special interrogatory should not only sharpen the jury's focus on the questions presented by the case—thus testing the jury's comprehension of the issues before it—but also do so in a simple, understandable fashion.

●3 Based upon the foregoing authority, we conclude that a special interrogatory is in proper form when it meets the following criteria: (1) it is a single question; (2) it relates to an ultimate issue of material fact, such that a response to the interrogatory would control an inconsistent general verdict returned by the jury; (3) its terms are simple, unambiguous, and understandable by the jury, so that the jury knows what it is deciding; and (4) it is not repetitive, confusing, or misleading.

We further conclude that a special interrogatory need *not* contain all the elements necessary for a finding of guilt to be in proper form under the second factor above. See R. Stites & P. Brandt, *Instructions and Special Interrogatories*, in 3 Illinois Civil Practice, ch. 11 (Ill. Inst. for Cont. Legal Educ. 1991) (in which the authors suggested that in a negligence action, any one of the following ultimate issues can be the subject matter of a special interrogatory: (1) defendant's negligence, (2) plaintiff's injury, or (3) defendant's negligence as a

proximate cause of the injury to plaintiff). Consistent with the above criteria, special interrogatories which include all the elements necessary for a finding of guilt should *not* be used because they are not likely to clarify and sharpen the jury's consideration of the questions presented by the case and are more likely to confuse the jury.

■ Applying these principles to the present case, we conclude that defendant's special interrogatory was in proper form. That special interrogatory stated as follows: "On the date of the accident and at the time and place of the accident in question in this case, was the driving conduct of the plaintiff, Norma Snyder, the sole proximate cause of the accident?" In our view, this special interrogatory presented a single and direct question; its terms are simple, understandable, and unambiguous; it is not misleading or repetitive; and a positive response to it would control an inconsistent general verdict by the jury in favor of the plaintiff.

We particularly note that this special interrogatory was not ambiguous or misleading even though it did not include the word "negligence." The jury was instructed on the definitions of contributory negligence, ordinary care, and proximate cause, as well as defendant's separate theories of plaintiff's contributory negligence based on her driving conduct. The trial court gave the jury a separate instruction based on Illinois Pattern Jury Instructions, Civil, No. 20.01 (3d ed. 1989) (hereafter IPI Civil 3d), which specifically sets forth the allegedly contributorily negligent acts of the plaintiff as follows:

"The defendant claims that the plaintiff, Norma Snyder, was contributorily negligent in one or more of the following respects:

(a) Negligently drove her motor vehicle at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway when approaching a hill crest ***;

(b) Negligently drove her motor vehicle at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway when approaching and going around a curve ***;

(c) Negligently drove her motor vehicle at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway when travelling upon a winding highway ***;

(d) Negligently failed to exercise proper lookout while operating her motor vehicle;

(e) Negligently failed to observe a prominently posted curve sign on the road and modify or control her driving accordingly."

The proximate cause instruction provided as follows: "When I use

the expression 'proximate cause,' I mean a cause which, in natural or probable sequence, produced the injury complained of." IPI Civil 3d No. 15.01, at 15-3.

Viewing defendant's special interrogatory together with the other instructions of the trial court, we hold that the special interrogatory was sufficiently clear regarding the alleged negligence of plaintiff's "driving conduct." Further, the court had properly instructed the jury regarding the law of contributory negligence such that the jury could have answered the special interrogatory without confusion. See *Vuletich v. Bolgla*, 85 Ill. App. 3d 810, 817-18, 407 N.E.2d 566, 572 (1980). In *Leonardi v. Loyola University*, 168 Ill. 2d 83, 100-01, 658 N.E.2d 450, 458-59 (1995), the supreme court upheld giving a sole proximate cause instruction which did not include the word "negligence," and provided, in relevant part, as follows: "[I]f you decide that the sole proximate cause of injury to the plaintiff was the *conduct* of some person other than the defendant, then your verdict should be for the defendant." (Emphasis added.) IPI Civil 3d No. 12.04, at 12-9.

Accordingly, because the Code requires that a special interrogatory in proper form *must* be submitted to the jury (*Noel*, 177 Ill. App. 3d at 783, 532 N.E.2d at 1056), we hold that the trial court erred by refusing to submit defendant's special interrogatory to the jury.

## B. Prejudice Resulting from Trial Court's Refusal To Give Defendant's Special Interrogatory

Plaintiff contends that the trial court was not required to give defendant's special interrogatory because it would have been merely duplicative of the computational verdict form which the jury utilized. We disagree.

■ Section 2—1108 of the Code specifically provides that a jury "*must be required* on request of any party, to find specially upon any material question or questions of fact submitted to the jury in writing." (Emphasis added.) 735 ILCS 5/2—1108 (West 1992). Thus, if a special interrogatory is in proper form, the trial court *must* submit it to the jury (*Noel*, 177 Ill. App. 3d at 783, 532 N.E.2d at 1056), and the court's refusal to do so is usually reversible error (*Vulcan Materials Co. v. Holzhauer*, 234 Ill. App. 3d 444, 452, 599 N.E.2d 449, 455 (1992)).

The purpose of a special interrogatory is to sharpen the jury's consideration of the questions presented by the case, to ascertain the jury's finding on an ultimate issue of material fact, and to serve as a check upon the jury's deliberations by testing the jury's general verdict against its determination on the material fact at issue in the special interrogatory. See Ill. Ann. Stat., ch. 110, par. 2—1108,

Historical & Practice Notes, at 771 (Smith-Hurd 1983); *Lundquist*, 238 Ill. App. 3d at 433, 605 N.E.2d at 1389.

■ In the present case, the jury used a modified general verdict form, which required the jury to determine the ultimate result of the case and specifically state the percentage of plaintiff's negligence which proximately caused her injury. Such a computational verdict form *cannot* be used in lieu of a special interrogatory regarding contributory negligence when the primary purpose of an interrogatory is *to test the general verdict itself.*

Accordingly, because section 2—1108 of the Code mandates that the jury be required to find specially upon any material question of fact submitted to it in writing and because the trial court's refusal to give defendant's special interrogatory deprived defendant of an important check upon the accuracy of the general verdict, we hold that the court's error in refusing to give the interrogatory was not harmless and requires reversal. See *Vulcan Materials*, 234 Ill. App. 3d at 454, 599 N.E.2d at 456.

### III. ISSUES ON REMAND

Although we have determined that this case must be remanded for a new trial, defendant raises several other issues that will likely arise on remand. We address these issues separately.

### A. Admission of Prior Accident Testimony

■ Defendant claims prejudicial error in the trial court's decision to allow the jury to hear testimony about a prior accident at the same site. Wesley Barr, a deputy sheriff, testified that approximately five months prior to Norma's accident, he too was travelling eastbound on Road 7 South, at a speed between 50 and 60 miles per hour. When approximately one-quarter mile from the curve, he saw the sign, which he believed depicted the curve as "gradual." He slowed, but not enough to negotiate the curve, and he ran off the road. Defendant claims the accidents were dissimilar in several respects: type of vehicle, speed of vehicle, time of day, condition of the drivers, and result of the accidents.

This court will reverse a trial court's ruling that evidence of a prior accident is relevant only where the trial court abused its discretion. *Van Steemburg v. General Aviation, Inc.*, 243 Ill. App. 3d 299, 328, 611 N.E.2d 1144, 1163 (1993). If the prior accident is offered to show the existence of a particular danger or hazard, the proponent must show similarity between the accidents. *Henderson v. Illinois Central Gulf R.R. Co.*, 114 Ill. App. 3d 754, 758, 449 N.E.2d 942, 945 (1983). The proponent need only show the accidents to be substantially similar, not identical. *Rucker v. Norfolk & Western Ry. Co.*, 77 Ill. 2d 434, 441, 396 N.E.2d 534, 538 (1979).

We conclude that the trial court did not err by finding Deputy Barr's testimony admissible on the basis of substantial similarity. At the same location, two drivers unfamiliar with the road had the same type of accident (leaving the road because they were travelling too quickly to negotiate a sharp hidden curve). No evidence showed either driver travelling in excess of the unposted speed limit of 55 miles per hour. Neither the judgment nor abilities of either driver were shown to be impaired at the time their respective accidents occurred. We deem the type of vehicle and result of the accidents irrelevant to the substantial similarity analysis. Similarly, we view the time of day as largely irrelevant because the deputy did not fail to see the sign, but rather identified it incorrectly, even with his "brights" on. No abuse of discretion occurred in the admission of evidence on this accident.

## B. Jury Instructions

■ Defendant argues that the trial court committed reversible error in rulings on three jury instructions. Such rulings lie within the trial court's discretion, and this court will reverse only if the record shows an abuse of that discretion. *Dabros v. Wang*, 243 Ill. App. 3d 259, 267, 611 N.E.2d 1113, 1119 (1993). The test is whether, considered as a whole, the instructions fairly and accurately state the applicable law and are clear enough so as not to mislead the jury. *Dabros*, 243 Ill. App. 3d at 267, 611 N.E.2d at 1119.

First, defendant's instruction No. 3 (IPI Civil 3d No. 70.01, at 70—9) states, "It is the duty of every driver of a vehicle using a public highway to exercise ordinary care at all times to avoid placing [her]self or others in danger and to exercise ordinary care at all times to avoid a collision." The trial court refused this instruction. Instead, it submitted plaintiffs' instruction, patterned after IPI Civil 3d No. B10.03, which stated, "It was the duty of the plaintiff, Norma Snyder, before and at the time of the occurrence, to use ordinary care for her own safety." The court also specifically instructed the jury on each of no less than five theories of Norma's contributory negligence—negligent failure to keep a proper lookout, negligent failure to "observe a prominently posted curve sign on the road and modify or control her driving accordingly," and three different ways in which her speed was alleged to have been negligently excessive. The trial court did not abuse its discretion. The instructions given were both fair and clear.

Next, defendant claims the trial court erred in submitting plaintiffs' IPI Civil 3d No. 60.01 regarding defendant's violation of section 11—304 of the Illinois Vehicle Code (625 ILCS 5/11—304

(West 1992)) and plaintiffs' issues instructions. In remanding to this court, the supreme court explicitly held that:

"[T]he issue of compliance or noncompliance with the Illinois Manual was a question properly before the jury. Section 11—304, by mandating compliance with the Illinois Manual, establishes defendant's duty of reasonable care. Whether that duty was breached is a jury question, turning on an examination of the applicable provisions of the Illinois Manual and the facts of a particular case." *Snyder*, 167 Ill. 2d at 472, 657 N.E.2d at 992.

Thus, the trial court did not err in submitting plaintiffs' IPI Civil 3d No. 60.01 instruction regarding defendant's violation of section 11—304 of the Illinois Vehicle Code and plaintiffs' issues instruction.

## C. Directed Verdict

■ Defendant argues that the trial court erred by denying its motion for directed verdict because plaintiffs presented insufficient evidence of proximate cause for the issue to be submitted to the jury. A court should grant a directed verdict only where "all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14 (1967). Based on our review of the record in this case, we conclude that the evidence supports the jury's verdict under this standard. The trial court therefore did not err by denying defendant's motion for directed verdict.

## IV. CONCLUSION

For the reasons stated, we reverse and remand for a new trial consistent with the views expressed herein.

Reversed and remanded.

McCULLOUGH, J., concurs.

JUSTICE GARMAN, dissenting:

I respectfully dissent. While I agree with the majority analysis that section 2—1108 of the Code requires submission of a properly drafted special interrogatory, I disagree with the conclusion of the majority that this proposed special interrogatory meets the appropriate test. The interrogatory was not in proper form and could have confused the jury as worded.

The court must, if any party so requests, require the jury "to find specially upon any material question or questions of fact submitted to the jury in writing." 735 ILCS 5/2—1108 (West 1992). However, if

a special interrogatory has the potential to confuse or mislead the jury, it is proper to refuse it. *Lundquist*, 238 Ill. App. 3d at 434, 605 N.E.2d at 1390. Several appellate courts have held that special interrogatories on negligence must include all relevant factors—negligence, proximate cause, and injury—to be in proper form. See *Lundquist*, 238 Ill. App. 3d at 435, 605 N.E.2d at 1390 ("In order to be in proper form, a special interrogatory must include all of the elements of negligence, proximate cause, and injuries resulting therefrom. Absent adequate reference to these elements, a special interrogatory is not in proper form and should be refused"); *Noel*, 177 Ill. App. 3d at 784, 532 N.E.2d at 1057 ("It is clear, then, that for a special interrogatory relating to the contributory negligence of a plaintiff to be proper in form and address the ultimate issue of fact, it must contain both the elements of negligence and proximate cause"); *Snow*, 121 Ill. App. 2d at 46, 257 N.E.2d at 158.

The interrogatory at issue in this case read in full: "On the date of the accident and at the time and place of the accident in question in this case, was the driving conduct of the plaintiff, Norma Snyder, the sole proximate cause of the accident?" It did not mention negligence. This omission could have made the interrogatory misleading or confusing to the jury, especially in light of the verdict form, which read in relevant part:

> "Second: Assuming that 100% represents the total combined negligence of all persons whose negligence proximately contributed to the plaintiff's injuries, including Norma Snyder and Curran Township, we find that the percentage of such negligence attributable solely to Norma Snyder is _____ percent (%)."

Had the interrogatory been given, the jury could easily have been confused about the role Snyder's negligence (or lack thereof) was to play in its response. It would have been entirely logical for the jury to conclude that the interrogatory referred to Snyder's "driving conduct," whether it was *negligent or not*. We must not lose sight of the fact that Norma Snyder was injured because she drove off the road. While the jury found that negligent placement of the sign *affected* her "driving conduct" (which finding we today affirm as not against the manifest weight of the evidence (281 Ill. App. 3d at 66)), it was still Norma's driving conduct which caused the accident. Had the jury believed Norma was totally blameless, it could still have answered this interrogatory in the affirmative because of its failure to mention negligence.

The fact that Norma was the only "actor" distinguishes this case from those relied upon by the majority for its conclusion that the interrogatory was in proper form. Here, the negligence of defendant, as

alleged by Norma, only had the potential to cause an accident through its effect on *Norma's* actions, her "driving conduct." There is no dispute that her injuries arose from the accident (compare *Costa*, 268 Ill. App. 3d at 11, 642 N.E.2d at 905, and *Chavez*, 161 Ill. App. 3d at 674, 515 N.E.2d at 153), and there is no dispute she was driving.

The majority writes (281 Ill. App. 3d at 62) that the trial court's instructions to the jury would have cured any potential ambiguity. In my opinion, they would rather have exacerbated any confusion. The jury was instructed at length about the ways Norma was alleged to have been negligent. The defendant alleged she "negligently drove" at an unsafe speed considering she was approaching a hill; "negligently drove" at an unsafe speed considering she was rounding a curve; "negligently drove" at an unsafe speed considering she was traveling on a winding highway; "negligently" failed to keep a proper lookout; and "negligently" failed to observe a posted sign and react appropriately thereto. The jury was further informed that if Norma had been negligent and that negligence had been over 50% of the cause of the accident it was to find for defendant. Certainly, the jury was fully informed of the role Norma's negligence was to play in its *verdict*. This interrogatory was not a verdict form; it was a question.

I believe it is an unwarranted conclusion that the jury would have inferred it was to consider negligence in the answer to the interrogatory when the interrogatory does not in any way refer to negligence. The proposed interrogatory had the potential to confuse the jury and is not an appropriate test of the jury's general verdict. Therefore, I believe the trial court was correct in refusing this interrogatory, and I would affirm.