WAYNE EAVES, Plaintiff-Appellant, v. HYSTER COMPANY, Defendant-Appellee.

First District (6th Division)   No. 1—91—3327

Opinion filed March 26, 1993.

Bernard R. Nevoral & Associates, Ltd., of Chicago (Bernard R. Nevoral, David L. Cwik, and Michael E. Tabor, of counsel), for appellant.

Pope & John, Ltd., of Chicago (John M. Christian, Jeffrey M. Rubin, and Michael K. Bartosz, of counsel), for appellee.

JUSTICE GIANNIS delivered the opinion of the court:

Plaintiff, Wayne Eaves, sustained crushing injuries to both hands on August 8, 1983, while assisting in the repair of an industrial lift truck at his place of employment. At the time of the accident, plaintiff was attempting to replace a chain that had come off of its sheave. Plaintiff filed strict product liability and negligence claims against Hyster Company (defendant), the manufacturer of the vehicle. The strict liability counts were later found to be untimely and dismissed. In his first amended complaint at law, plaintiff alleged negligence on the part of defendant in defendant's failure to: (1) offer in its parts manual a "replacement chain retaining device"; (2) give adequate directions and warnings as to how to repair the lift truck in the event the chain slipped from its sheave; (3) issue adequate directions and warnings directing maintenance personnel as to how to block the mast sections of the truck that ultimately fell and injured plaintiff; (4) prepare adequate directions and warnings with respect to the proper and safe removal of the "adapter plate"; and (5) place legible and adequate warnings on the lift truck.

Defendant subsequently filed a third-party complaint seeking contribution from plaintiff's employer, Imperial Clevite. Imperial Clevite and defendant settled immediately prior to trial and Imperial Clevite was dismissed. Following trial, the jury rendered a verdict for defendant, and the trial court entered judgment in defendant's favor. The trial court denied plaintiff's post-trial motion, and plaintiff has appealed.

Plaintiff first argues that the trial court improperly instructed the jury on the duty and standard of care owed by defendant to plaintiff because the instruction ultimately given to the jury held defendant to a lesser duty and standard than required by Illinois law. Plaintiff claims that because defendant is a manufacturer, and because defendant held itself out as an expert, defendant should be held to an expert standard of care.

In Illinois, Supreme Court Rule 239(a) governs jury instructions in civil cases. It states:

> "Whenever Illinois Pattern Jury Instructions (IPI) contains an instruction applicable in a civil case, giving due consideration to the facts and the prevailing law, and the court determines that the jury should be instructed on the subject, the IPI instruction shall be used, unless the court determines that it does not accurately state the law. Whenever IPI does not contain an instruction on a subject on which the court determines that the jury should be instructed, the instruction given in that subject should be simple, brief, impartial, and free from argument." (134 Ill. 2d R. 239(a).)

A trial court has the discretion to determine which instructions shall be given and, absent an abuse of discretion, its decision will not be disturbed. (*Lee v. Calfa* (1988), 174 Ill. App. 3d 101, 110.) The test is whether the instructions given, considered as a whole and read as a series, are sufficiently clear so as not to mislead the jury and whether they fairly and correctly state principles of law which pertain to the case. *Lee*, 174 Ill. App. 3d at 111.

As plaintiff notes, Illinois law holds a manufacturer to the degree of skill and knowledge of an expert. (*Anderson v. Hyster Co.* (1979), 74 Ill. 2d 364; *Collins v. Interroyal Corp.* (1984), 126 Ill. App. 3d 244.) Plaintiff also points out that defendant has admitted that it held itself out as an expert in the design and maintenance of lift trucks. Plaintiff's first amended complaint at law states:

> "6. That when preparing these manuals the defendant, HYSTER COMPANY, held itself out as an expert in the area of design and maintenance procedures of lift trucks, not limited to

but including a certain lift truck known as model S70BCS, serial number B4L6015M, manufactured by this defendant."

Defendant responded, "Hyster Company admits the allegations of paragraph 6."

Plaintiff argued to the trial court that because Illinois Pattern Jury Instructions, Civil (3d ed. 1992) (hereinafter IPI Civil 3d), provides no instruction indicating that a manufacturer is held to the degree of skill and knowledge of an expert, and because defendant itself has admitted its expert status with regard to lift trucks, plaintiff was entitled to submit to the jury a modification of IPI Civil 3d No. 10.04. IPI Civil 3d No. 10.04 provides:

"It was the duty of the defendant, before and at the time of the occurrence, to use ordinary care for the safety of the plaintiff. That means it was the duty of the defendant to be free from negligence."

Plaintiff's modification of this instruction provided:

"The defendant held itself out to be an expert in the design promulgation of instructions for the repair of lift trucks. Therefore, it was the duty of the defendant, before and at the time of the occurrence, to exercise that degree of care commensurate with that of a reasonably prudent expert engineer for the safety of the plaintiff. That means it was the duty of the defendant to be free from negligence."

The trial court refused plaintiff's modified instruction and, over plaintiff's objection, tendered to the jury the following:

"It was the duty of the defendant, HYSTER COMPANY, before and at the time it produced the subject forklift truck and manuals, to use ordinary care for the safety of the plaintiff. That means it was the duty of HYSTER COMPANY to be free from negligence."

Plaintiff complains that the trial use of IPI Civil 3d No. 10.04 without his suggested modifications improperly instructed the jury on Illinois law.

■ Contrary to plaintiff's assertion, the instruction tendered to the jury in this case is not inconsistent with the law regarding the imputed knowledge and skill of manufacturers. Plaintiff's position confuses the duty of care required of manufacturers with the level of knowledge and skill properly imputed to them. In Illinois a manufacturer has the same general duty of due care as any defendant. (*Sanchez v. Bock Laundry Machine Co.* (1982), 107 Ill. App. 3d 1024, 1028 (in product liability cause of action based on negligence, plaintiff must show defendant owed him a duty of reasonable care); *Cornstub-*

*ble v. Ford Motor Co.* (1988), 178 Ill. App. 3d 20, 24-25 (manufacturer has a duty of due care to design and manufacture a product that will be reasonably safe for its intended use).) "Due care," "reasonable care," and "ordinary care" are convertible terms which denote that degree of care which ordinarily prudent persons would exercise under the same or similar circumstances. (*Roberts v. Chicago City Ry. Co.* (1914), 262 Ill. 228, 233.) While jurors may presume a manufacturer has an expert's level of *skill* and *knowledge* with regard to a manufactured product, this is not the same as saying that a manufacturer has an elevated duty of care beyond that of "due care" as used by IPI Civil 3d.

Plaintiff next points to IPI Civil 3d Nos. 105.01 and 105.02 which set out jury instructions for use in "professional negligence" cases. While these instructions once applied only to health care workers, they have now been expanded to apply to all professional defendants and require all professionals to apply the same degree of knowledge, skill and ability as an ordinarily careful professional would exercise under similar circumstances. (See, *e.g., Taake v. W H G K, Inc.* (1992), 228 Ill. App. 3d 692 (architect); *Horak v. Biris* (1985), 130 Ill. App. 3d 140 (social worker); *Brown v. Gitlin* (1974), 19 Ill. App. 3d 1018 (attorney); *Laukkanen v. Jewel Tea Co.* (1966), 78 Ill. App. 2d 153 (engineer).) Plaintiff asserts that these instructions demonstrate "unequivocally" Illinois' public policy of holding expert defendants to a higher standard of care in negligence cases. He argues that this policy favors his proposed instruction. Defendant responds that plaintiff did not tender IPI Civil 3d No. 105.01 or IPI Civil 3d No. 105.02 to the trial court in this case and has, therefore, waived this argument on appeal. *Gille v. Winnebago County Housing Authority* (1970), 44 Ill. 2d 419, 427 ("one cannot complain that an instruction was not given where he does not show that the court was requested to give such instruction and refused to do so").

■ As defendant suggests, plaintiff's reliance on IPI Civil 3d No. 105.01 and IPI Civil 3d No. 105.02, at this stage of the proceedings at least, is misplaced. The only "unequivocal" conclusion that may be fairly drawn from the existence of IPI Civil 3d Nos. 105.01 and 105.02 is that "professionals" may be held to an elevated and objective standard of care. Plaintiff cites no authority for the proposition that admitted "experts" must also be held to such a standard. While plaintiff insists that he now raises IPI Civil 3d No. 105.01 and IPI Civil 3d No. 105.02 "by analogy only," a careful review of the language of his proposed instruction indicates otherwise. In his proposed instruction plaintiff sought to hold defendant to that standard of care

appropriate to an "expert *engineer*." (Emphasis added.) While plaintiff might have chosen to have proceeded to trial alleging "professional negligence" against defendant as an engineer, he did not attempt to do so. It was not error, therefore, for the trial court to deny plaintiff's tendered instruction.

In any case, and as discussed below, the jury in this case expressly found that plaintiff's injuries were caused *solely* by the conduct of plaintiff's employer, Imperial Clevite. Therefore, the failure of the trial court to give the disputed instruction cannot have prejudiced the jury's ultimate decision, as a finding that Imperial Clevite was the sole proximate cause of plaintiff's injuries is inconsistent with a finding against defendant.

Plaintiff next contends that the trial court's submission to the jury of three special interrogatories improperly influenced the jury's verdict in favor of defendant. Defendant tendered the following special interrogatories which were ultimately given to the jury:

"1. Was the failure of Imperial Clevite to maintain the subject forklift in a safe working condition and to instruct and train Wayne Eaves in the proper procedures for performing repairs on the subject forklift truck the sole proximate cause of plaintiff's injuries?

2. Was the act of Wayne Eaves in undertaking to repair the upright assembly of the subject forklift truck when he knew that he was not qualified or trained to make such repairs the sole proximate cause of his injury?

4. Do you find that an absence of warnings and instructions in the Hyster Company Service Manual, the parts manual and on the forklift truck was a proximate cause of plaintiff's injury?"

The jury answered "YES" to No. 1, and "NO" to Nos. 2 and 4 (the trial court refused to tender defendant's special interrogatory No. 3, which is not at issue here).

■ Plaintiff first argues that special interrogatory No. 4 was improper. The function of the special interrogatory is to require the jury to make a determination as to one or more ultimate facts and the special interrogatory thereby serves to operate as a check upon the jury's deliberations. (*Gasbarra v. St. James Hospital* (1979), 85 Ill. App. 3d 32, 38.) For a special interrogatory to be proper, a responsive answer thereto must be inconsistent with some general verdict which the jury might return. (*Gasbarra*, 85 Ill. App. 3d at 38.) In assessing the propriety of special interrogatory No. 4, it is not necessary to determine whether both a positive and negative answer thereto could control all

possible general verdicts. Rather, a special interrogatory is proper if *some* response to special interrogatory No. 4 could serve to test *some* general verdict returned by the jury. (See *Gasbarra*, 85 Ill. App. 3d at 38 ("[w]hether the interrogatory was answered affirmatively *or* negatively, it would not have been inconsistent with any general verdict").) Plainly, an affirmative response to special interrogatory No. 4 would have been inconsistent with the general verdict returned by the jury in favor of Hyster Company. Special interrogatory No. 4 was therefore proper.

■ Plaintiff next faults special interrogatory No. 4 for its failure to include reference to his "chain retaining device" theory of the case. This omission does not change, however, the propriety of special interrogatory No. 4 under the *Gasbarra* standard. Moreover, it must be noted that plaintiff failed to request that special interrogatory No. 4 address the chain retaining device theory during the jury instruction conference with the trial court, nor did he tender an alternate special interrogatory than that tendered by defendant. Plaintiff has therefore waived this issue for appeal. (*Saldana v. Wirtz Cartage Co.* (1978), 74 Ill. 2d 379, 387.) In addition, it should be noted that plaintiff has elected to prepare only limited portions of the transcript of proceedings below in pursuing the instant appeal. Because the record does not contain the trial transcripts, a review of the record fails to indicate that any instruction on plaintiff's chain retaining device theory would have been supported by the evidence. See *Continental Concrete Pipe Corp. v. Century Road Builders, Inc.* (1990), 195 Ill. App. 3d 1, 10 (on appeal, appellant has burden of presenting sufficiently complete record, and absence of transcript may prevent reviewing court from finding trial court abused discretion); *Yakstis v. William J. Diestelhorst Co.* (1978), 61 Ill. App. 3d 833 (to justify giving of instruction, record must contain some evidence that theory set forth in instruction was presented to jury).

Finally, even if it is assumed *arguendo* that special interrogatory No. 4 was improperly submitted to the jury, such error would not require reversal in this case. See *Bruske v. Arnold* (1969), 44 Ill. 2d 132, 136-37; *Gasbarra*, 85 Ill. App. 3d at 38-39 (each finding submission of improper interrogatory not to require reversal absent showing of prejudice to plaintiff).

■ Plaintiff next argues that the trial court submission of the three special interrogatories, taken together, misled the jury on the issue of proximate cause. Plaintiff notes that special interrogatory No. 1 focused on the conduct of plaintiff's employer, Imperial Clevite, and asked if Imperial Clevite was the "sole proximate cause" of plaintiff's

injuries. Special interrogatory No. 2 focused on the conduct of plaintiff and again queried the jury regarding "sole proximate cause." Finally, special interrogatory No. 4 made inquiry regarding the conduct of defendant, but asked not about "sole proximate cause," but rather, about "a proximate cause." Plaintiff claims that the three special interrogatories together "conditioned" the jury to think in terms of "sole proximate cause," rather than on the possibility that the conduct of plaintiff, plaintiff's employer and defendant may together have caused plaintiff's injury. Plaintiff also argues that special interrogatory No. 4's use of "a proximate cause," rather than "sole proximate cause," improperly focused the jury's attention away from the conduct of defendant.

Plaintiff's arguments are without merit. In this case each special interrogatory directed the jury's attention to all potential culpable entities: Imperial Clevite, plaintiff and defendant. Thus, the special interrogatories did not serve to emphasize defendant's theory of the case above plaintiff's, but presented a balanced set of questions regarding the ultimate facts of the case. While two of the three interrogatories used the words "sole proximate cause," the jury was carefully instructed that there may have been more than one cause of plaintiff's injury and that more than one party may be to blame for those injuries. It must be assumed, therefore, that the jury was capable of understanding and answering the special interrogatories in conformity with the law.

For all of the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

EGAN and RAKOWSKI, JJ., concur.