CLARENCE JOHNSON, Plaintiff-Appellant, v. CHICAGO TRANSIT AUTHORITY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—91—3256

Opinion filed June 3, 1993.

Robert J. Kelleher, of Kralovec, Jambois & Schwartz, of Chicago, for appellant.

Christopher W. Graul, of Stanley L. Hill & Associates, of Chicago, for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Clarence Johnson, brought this action in the circuit court of Cook County against defendants, Chicago Transit Authority (CTA) and Oliver Robertson, based on an injury plaintiff sustained after colliding with a CTA bus. Following trial, the jury returned a verdict in favor of defendants upon which judgment was entered. Plaintiff now appeals that judgment, contending (1) the trial court erred in denying his motion for a directed verdict, and (2) the jury's verdict was against the manifest weight of the evidence.

We affirm.

On June 13, 1984, at approximately 7:20 a.m., plaintiff and two other pedestrians were standing at the intersection of State and Lake Streets in Chicago. The three were at the southeast corner waiting for the stoplight to turn green before attempting to cross the street. The CTA bus in question, operated by defendant Robertson, had been travelling north on State Street and was also stopped at the light. When the signal light turned green, defendant's bus began to make a right-hand turn onto Lake Street. At that same time, plaintiff and the two other pedestrians began to cross from the southeast to the northeast corner of the intersection. The two pedestrians remained in the crosswalk, while plaintiff walked outside of the crosswalk and collided with defendant's bus.

At trial, defendant Robertson testified that as a CTA bus driver, he had made the right-hand turn from State Street onto Lake Street over 1,000 times prior to June 13, 1984. On that particular day, he did not observe any pedestrians attempting to cross the street as he was making the right-hand turn. Defendant Robertson admitted that he did not see the collision, but was informed of it by a passenger riding the bus.

Mr. Anthony Ross, a CTA supervisor, testified concerning standard operating procedures for CTA bus drivers. Mr. Ross stated that when making a right-hand turn, drivers were required to yield to oncoming traffic and pedestrians. Mr. Ross also testified that at the particular intersection in question, pedestrians commonly exited the crosswalk and angled toward the stairs leading to the El platform located at the intersection.

Plaintiff testified at trial that as he attempted to cross the street, he neither saw nor heard the CTA bus. After walking six to seven feet into the street, plaintiff felt a sharp pain in his left shoulder just before falling to the ground. Plaintiff stated the next thing he remembered was lying on his back while looking at the CTA bus above him. Plaintiff admitted that he had exited the crosswalk before colliding with the bus.

Michael Lowe testified that he was one of the pedestrians crossing Lake Street with plaintiff on June 13, 1984. Lowe stated when he and the other pedestrian were five to seven feet into the street, they stopped walking to avoid being hit by defendant's bus which passed in front of them. According to Lowe, plaintiff was approximately 10 feet outside of the crosswalk when the CTA bus struck plaintiff on his left side.

Yolonda Nash testified that she was a passenger on defendants' bus at the time of the collision. She further testified that plaintiff remained inside the crosswalk and that the collision occurred inside the crosswalk. On direct examination, Nash stated that plaintiff walked into the bus. On cross-examination, however, Nash admitted she previously stated to an investigator that the bus hit plaintiff and that the latter statement was correct.

Following trial, the jury returned a verdict in favor of defendants and the trial court entered judgment consistent with the verdict. Plaintiff filed post-trial motions for a directed verdict, a judgment notwithstanding the verdict, and a new trial, all of which the trial court denied. This appeal followed.

First, plaintiff claims that the trial court erred in denying his motion for a directed verdict. In Illinois, the law is well settled that directed verdicts are properly granted only where the evidence, when viewed in the light most favorable to the nonmoving party, so overwhelmingly favors the moving party that no contrary verdict could stand. (*Santos v. Chicago Transit Authority* (1990), 198 Ill. App. 3d 866, 868.) A directed verdict is improper where disputed issues of fact exist requiring either the assessment of witnesses' credibility or the election between conflicting evidence. *Wilson v. Chicago Transit Authority* (1983), 118 Ill. App. 3d 714, 718.

■■ In the present case, we believe there were conflicts in the evidence which supported the trial court's decision to deny plaintiff's motion for a directed verdict. There was conflicting testimony presented concerning whether defendant was inside the crosswalk when the collision occurred. Ms. Nash testified that defendant was inside that crosswalk, while defendant Robertson, Mr. Lowe, and plaintiff each testified that plaintiff was outside the crosswalk when the collision occurred.

Ms. Nash also presented conflicting testimony as to whether defendant was actually struck by defendant's bus or whether plaintiff walked into the bus. No other witness testified that he actually saw the collision. Given these substantial conflicts in the evidence, we cannot say that plaintiff was entitled to judgment as a matter of law. (See *Santos v. Chicago Transit Authority* (1990), 198 Ill. App. 3d 866.) Hence, we hold that the trial court properly denied plaintiff's motion for a directed verdict.

■■ Plaintiff also contends that he should be granted a new trial arguing that the evidence, even when viewed in light most favorable to defendants, clearly demonstrates that defendants were negligent. Plaintiff claims that the jury's finding of not guilty was con-

trary to the manifest weight of the evidence and, therefore, should be overturned. We cannot agree.

A reviewing court should not set aside a jury verdict unless it determines that the verdict is contrary to the manifest weight of the evidence. (*Skelton v. Chicago Transit Authority* (1991), 214 Ill. App. 3d 554, 580.) A jury verdict is considered against the manifest weight where "the opposite conclusion is clearly apparent or when the finding of the jury appears arbitrary or unsubstantiated by the evidence." (*Pharr v. Chicago Transit Authority* (1991), 220 Ill. App. 3d 509, 521.) However, where credible evidence in favor of the defendant supports the verdict, the jury's determination should not be disturbed. *Skelton*, 214 Ill. App. 3d at 580.

The determination of whether certain conduct was negligent is rarely made as a matter of law, but rather is left for the trier of fact to decide. (*Johnson v. Colley* (1986), 111 Ill. 2d 468, 475.) Also, it is the jury who weighs contradictory evidence and makes inferences from the evidence and draws the ultimate conclusion as to the facts. (*Johnson v. Chicago Transit Authority* (1975), 28 Ill. App. 3d 945, 950.) In the present case, the jury heard the evidence and determined that defendants were not negligent. The evidence, including testimony that plaintiff was outside the crosswalk when the collision occurred and that he, unlike the other pedestrians, did not see or hear the bus in question, supports the jury's verdict. Therefore, we cannot say, as a matter of law, that the inferences and conclusions drawn by the jury are not supported by the evidence.

Notwithstanding, plaintiff cites *Houston v. Chicago Transit Authority* (1976), 35 Ill. App. 3d 428, to support his argument that defendants here were negligent. In *Houston*, plaintiff was injured by defendant's bus while walking inside the crosswalk, and the court held that the pedestrian had the right-of-way and had no duty to keep a constant watch for turning vehicles. (*Houston*, 35 Ill. App. 3d at 431.) Here, however, plaintiff himself testified that he was outside the crosswalk when the collision occurred. This point alone sufficiently distinguishes *Houston* from the case at bar.

Moreover, Illinois law provides that a pedestrian crossing the roadway outside of the crosswalk must yield the right-of-way to all vehicles on the roadway. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—1003(a).) Plaintiff cannot reasonably maintain that the fact that he was outside of the crosswalk when the collision occurred bears some relevance to the issue of whether defendants were negligent. After reviewing the record, we do not find that the jury's verdict

was so clearly erroneous and wholly unwarranted that plaintiff should be granted a new trial.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and HOFFMAN, J., concur.