NOTICE

Decision filed 04/22/20. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2020 IL App (5th) 180306-U

NO. 5-18-0306

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| BOBBY LEE WEBB, as Administrator of the Estate of Norma Jean Webb, Deceased, | ) ) ) | Appeal from the Circuit Court of Effingham County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 13-L-34 |
| EFFINGHAM COUNTY, | ) ) | Honorable James J. Eder, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Welch and Justice Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: The judgment of the circuit court of Effingham County is reversed and the cause remanded for a new trial where the court erred by refusing plaintiff's special interrogatory that related to an ultimate issue of fact upon which the rights of the parties depended, and the answer responsive thereto was inconsistent with some general verdict that might be returned.

¶ 2    Plaintiff, Bobby Lee Webb, as administrator of the estate of Norma Lee Webb, appeals a ruling of the circuit court of Effingham County, which denied plaintiff's special interrogatories aimed at requiring the jury to determine whether defendant, Effingham County, committed any act of negligence that proximately caused a car accident that

1

resulted in extensive injuries to his mother, Norma Lee Webb, and the death of her sister, Lois Miller. For the following reasons, we reverse and remand for a new trial.

¶ 3                                I. Background

¶ 4     On July 26, 2012, Lois was operating her vehicle northbound on Illinois Route 32 while Norma sat in the passenger seat. Effingham County was performing routine road maintenance, specifically laying fresh oil and chat, or small gravel, at or near the intersection of Illinois Route 32 and CR2000N. As Lois approached the road maintenance, she reduced the speed of her vehicle and was struck from behind by another motorist, David Mars, with his pickup truck. Lois died, and Norma was seriously injured in the car accident. Mars was later charged and pled guilty to failing to reduce speed to avoid an accident.

¶ 5     On July 25, 2013, Norma filed a one-count complaint against Effingham County, Effingham County Department of Transportation, Banner Township, Banner Township Highway Department, Mars, as well as three employees of Effingham County, David Bushue, Jordan Jones, and Robert Westendorf. Norma alleged vicarious liability for negligence, asserting that Effingham County was under a duty to both maintain Illinois Route 32 in a reasonably safe condition and warn motorists of any unsafe condition. In particular, Norma asserted that Effingham County, on July 26, 2012, was negligent, careless, and breached its duty of care to the general public when it created a dangerous condition by failing to warn motorists of the roadway maintenance and the presence of workers on the roadway, as well as safely directing traffic around the roadway maintenance. As a direct and proximate result of the car accident and Effingham

2

County's negligence and carelessness, Norma suffered extensive injuries and incurred medical expenses.

¶ 6    On August 9, 2013, Effingham County filed a motion to dismiss Norma's complaint for failure to state a cause of action. Effingham County asserted that its motion to dismiss was proper because the car accident occurred on a state highway, not on Effingham County's property. Moreover, Effingham County argued that Norma's complaint failed to state with specificity what constituted a "dangerous condition," or what specific act of negligence related to Effingham County's alleged failure "to safely direct traffic around the roadway maintenance."

¶ 7    On October 10, 2013, Norma filed a response to Effingham County's motion to dismiss, asserting that her complaint sufficiently described the factual circumstances that led to the dangerous condition Effingham County had created, which resulted in Lois's death and her own injuries. Specifically, Norma asserted that Effingham County disrupted the normal traffic pattern in the following ways: (1) by parking a county truck on the right shoulder within the right-of-way of a state highway, which caused a possible obstruction for motorists; (2) by placing orange traffic cones on the roadway, which could have caused approaching drivers on the state highway to abruptly slow their vehicles; (3) the presence of an employee walking along the edge of Illinois Route 32 at the entrance of CR2000N, which could have been visible only after a motorist passed the parked truck; and (4) by failing to place proper signage to warn motorists of a road closure.

¶ 8    On June 27, 2014, Norma filed a two-count amended complaint against Effingham County and Mars. Norma alleged in separate counts that each defendant had committed negligent acts that proximately caused the car accident that resulted in her injuries.

¶ 9    On July 23, 2014, Norma filed a second amended complaint against Effingham County, Mars, Cindy Mecklenburg, as special administrator of the estate of Lois Miller, and Banner Township. As a proximate result of the car accident and the negligent acts or omissions of Effingham County and Mars, Norma suffered extensive injuries and incurred medical expenses. Cindy Mecklenburg, as special administrator of the estate of Lois Miller, was added as a party to facilitate a good faith settlement to protect Lois's estate from any attempts by Effingham County to file a cross-claim against the personal assets of her estate. Lastly, as a proximate result of the car accident and the negligent acts or omissions of Banner Township, through its agents or employees, Norma suffered extensive injuries and incurred medical expenses.

¶ 10   On September 4, 2014, following the filing of a motion on August 29, 2014, by Cindy Mecklenburg, as special administrator of the estate of Lois Miller, the circuit court entered an order that the settlement between Norma and Cindy Mecklenburg, as special administrator of the estate of Lois Miller, was found to be in good faith under the Joint Tortfeasor Contribution Act (740 ILCS 100/0.01 *et seq.* (West 2014)). Similarly, that same day, the court entered an order that Norma and Mars had entered a good faith settlement, and that "any contribution, negligence or other claims, including counterclaims against David Mars are hereby dismissed with prejudice and are hereby extinguished."

4

¶ 11    On September 10, 2014, Effingham County filed an answer to Norma's second amended complaint, asserting an affirmative defense, specifically, that "[n]one of the actions complained of this Defendant were the proximate cause of Plaintiff's injuries." In response, Norma filed a reply, denying Effingham County's affirmative defense.

¶ 12    On August 13, 2015, Effingham County filed a motion for summary judgment, claiming that it could not be shown that Effingham County was the proximate cause of Norma's injuries. Thus, without the establishment of proximate cause, a claim for negligence was unstainable. The circuit court, following argument, denied Effingham County's motion.

¶ 13    On September 9, 2015, counsel for Norma filed a suggestion of death, asserting that Norma had died on July 13, 2015, and a motion to appoint a special representative. Shortly thereafter, plaintiff was appointed as a special representative of Norma's estate. In this capacity, plaintiff filed an amended two-count complaint against Effingham County, substituting himself as the party plaintiff and adding a claim under the Wrongful Death Act (740 ILCS 180/1 *et seq.* (West 2014)).

¶ 14    On May 11, 2017, plaintiff sought and was granted permission, pursuant to Illinois Supreme Court Rule 212(a)(5) (eff. Jan. 1, 2011), to use part of Norma's prior discovery deposition, given that she had died on July 13, 2015. During her deposition, Norma testified that, while riding in the passenger seat of Lois's car on the way to her brother's home, she recalled that Lois had "stopped for a second and started to turn and there was this guy standing out in the road with cones in his hands." Norma recalled that Lois's signal was on, indicating that she was going to turn right onto the county road.

5

¶ 15    On January 16, 2018, the parties proceeded to a six-day trial. On January 16, 2018, Effingham County, after the circuit court granted leave to file an affirmative defense, filed the following: "That the sole proximate cause of injury to the Plaintiff was something other than the conduct of the Defendant." Counsel for Effingham County withdrew this affirmative defense concerning sole proximate cause the next day.

¶ 16    On January 22, 2018, at the preliminary jury instruction conference, plaintiff sought the circuit court's approval of several special interrogatories. First, Special Interrogatory No. 1 was filed, which required the jury to respond with a finding of percentages of fault. The court rejected this interrogatory because it did not ask a single, simple, unambiguous, and understandable question, which was not repetitive, confusing, or misleading.

¶ 17    Plaintiff then offered, as an alternative, Special Interrogatory No. 2, which eliminated the finding of percentages of fault but presented the jury with a choice of either "yes" or "no." This special interrogatory asked the following:

> "Do you find that Defendant Effingham County, through the actions of its employees, was negligent in the manner in which it performed this road project on July 26, 2012, and do you further find that the Defendant's negligent actions were a cause—not necessarily the only cause nor even the last or the nearest cause of the collision (it is sufficient if it combines with another cause)—of the two-vehicle collision which occurred 7/26/2012 at the intersection of State Route 32 and County Road 2000N?"

The circuit court rejected this interrogatory, finding it was compound in nature and did not inform or instruct the jury on the law.

¶ 18    Next, plaintiff offered Special Interrogatory No. 3, which asked:

"Was the conduct of the Defendant Effingham County a cause—not necessarily the only cause nor even the last or nearest cause (it is sufficient if it combines with another cause)—in leading to the two-vehicle traffic collision which occurred 7/26/2012 at the intersection of State Route 32 and County Road 2000N?"

The circuit court rejected this interrogatory because it "tries to insert the [jury] instruction with regard to proximate cause, but then it is ambiguous with regard to what it's asking." The court found the language—"in leading to the two-vehicle traffic collision"—unclear for the jury.

¶ 19    Plaintiff, yet again, offered another alternative interrogatory, Special Interrogatory No. 4, which asked:

"Was Defendant Effingham County free of any negligence which was any part of the cause of the two-vehicle traffic collision which occurred 7/26/2012 at the intersection of State Route 32 and County Road 2000N?"

The circuit court rejected this interrogatory because the language "which was any part of the cause" was awkward and could create confusion for the jury. Although the court refused this interrogatory, it stated that it would approve, with slight modification, a similar special interrogatory. The judge instructed the parties that he had "worked this up

7

over the weekend in anticipation of this having seen some of the *** proposed special interrogatories."

¶ 20 The following colloquy took place regarding the circuit court's proposed special interrogatory:

> "THE COURT: Was the motor vehicle collision of July 26th, 2012 proximately caused at least in part by any negligence of Defendant Effingham County.
> MR. PAULSON [DEFENDANT'S ATTORNEY]: Yep, I think that's pretty good.
> MR. DORRIS [PLAINTIFF'S ATTORNEY]: I can embrace that.
> THE COURT: And so if they answer yes to that question, then if they come back with a verdict in favor of the Defendant, it would—
> MR. DORRIS: Special interrogatory would control.
> THE COURT: It would conflict with that. If they answer no to that question, then if they came back with a verdict in favor of the Plaintiff, it would be inconsistent with that. All right. I have tossed that out. I don't know how you want to label it as to who is offering it.
> MR. PAULSON: I am not.
> THE COURT: It's the Court's. *** Although it does a double check for you too so that's why I worked hard at that language. It checks the verdict either way. I mean because you're on the defense offering the argument that the sole proximate cause is something other than the Defendant. So it checks it both way[s].
> MR. DORRIS: *** So Your Honor could you read that again?
> THE COURT: *** Was the motor vehicle collision of July 26th, 2012, approximately caused at least in part by any negligence of Defendant Effingham County.
> MR. DORRIS: Any negligence on the part.
> THE COURT: I said approximately caused at least in part by any negligence of Defendant Effingham County.
> MR. DORRIS: Okay.
> THE COURT: If you want to offer that, looks like defense has no objection to that special interrogatory and then the Court would give it."

¶ 21 In anticipation of the final jury instruction conference on January 23, 2018, plaintiff's counsel prepared Special Interrogatory No. 5, which, plaintiff contends on

appeal, "incorporated and tracked exactly the wording that the Court had stated the evening before." Special Interrogatory No. 5 asked:

> "Was the motor vehicle collision of 7/26/2012 proximately caused at least in part by any negligence of Defendant Effingham County?"

The jury was provided with "yes" or "no" as two possible answer choices.

¶ 22 At the final jury instruction conference on January 23, 2018, defense counsel objected, asserting that Special Interrogatory No. 5 was confusing and compound because the jury would have to find both proximate cause and negligence. Defense counsel stated that "six jurors [could] find that the Defendant wasn't negligent. And there also could be six jurors who would find that [Defendant was] negligent, but *** negligence didn't proximately cause the accident." Thus, defense counsel argued, "in essence[,] this does nothing to check the verdict to see that it was unanimous or anything because *** they can get to the same place [but with] different conclusions."

¶ 23 Based on defense counsel's objection to Special Interrogatory No. 5, the circuit court stated that the jury had to "first *** find th[e] Defendant negligent and then find that the Defendant was [the] proximate cause of the accident." Although the court acknowledged that Special Interrogatory No. 5 contained language it had provided the parties during the preliminary jury instruction conference the day before, the court, upon further consideration, determined that the interrogatory presented a "compound question," based on *Smart v. City of Chicago*, 2013 IL App (1st) 120901. The court refused plaintiff's offer.

9

The court then rejected plaintiff's request for a brief recess to modify Special Interrogatory No. 5 into two parts, stating the following:

> "At this stage I think we've taken—made five attempts at it. We still don't have a suitable one. Time [ha]s essentially run out here and anything else would need to be submitted in writing and examined and argued and further submission the Court would find would simply be untimely at this point ***."

¶ 24 Next, the circuit court addressed the jury instructions. The court read aloud Plaintiff's Instruction No. 7 (IPI No. 10.01), which defined "negligence" for the jury as the following:

> "[F]ailure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not, under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide."

The court then proceeded to define "ordinary care" in Plaintiff's Instruction No. 8 (IPI No. 10.02) as the following:

> "[T]he care a reasonably careful person would use under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide."

Moreover, the court accepted Plaintiff's Instruction No. 10 (IPI No. 12.04 Modified) relating to proximate cause. The court proceeded to state:

10

"More than one person may be to blame for causing an injury. If you decide that the Defendant was negligent and that its negligence was a proximate cause of injury to Norma Jean Webb, it is not a defense that some third person who is not a party to the suit may also have been to blame.

However, if you decide that the sole proximate cause of the injury to Norma Jean Webb was the conduct of some person or persons other than the Defendant, then your verdict should be for the Defendant."

Finally, the court defined "proximate cause" in Plaintiff's Instruction No. 11 (IPI No. 15.01) as the following:

"[A] cause that, in the natural or ordinary course of events, produced the plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury."

¶ 25    Following deliberations, the jury returned a verdict in favor of Effingham County, and the circuit court entered judgment shortly thereafter. Plaintiff filed a timely posttrial motion on March 2, 2018, with a supplement filed on May 24, 2018. The court ultimately denied plaintiff's supplemental posttrial motion, and plaintiff filed a timely notice of appeal.

¶ 26                                II. Analysis

¶ 27    On appeal, plaintiff argues the circuit court committed reversible error by refusing all five successive special interrogatories, each related to whether Effingham County committed any act of negligence that proximately caused the traffic accident. Specifically, plaintiff asserts that Special Interrogatory No. 5 was not "impermissibly

11

compound." In response, Effingham County asserts that the court properly refused the special interrogatories because they all "failed to comply with the law," "fail[ed] to test [a] General Verdict," "confus[ed] and misstate[d] the law," "fail[ed] to address an ultimate issue of fact" and "also attempt[ed] to reinstruct the Jury." Specifically relating to Special Interrogatory No. 5, Effingham County asserts that the plaintiff "attempts to define proximate cause and it unfairly states the definition of proximate cause." For reasons that follow, we find the court erred in rejecting Special Interrogatory No. 5, "[t]he special interrogatory at the heart of this appeal," as plaintiff contends. As such, we need not address the parties' contentions relating to the other four interrogatories.

¶ 28    Special interrogatories "guard the integrity of a general verdict by testing that verdict against the jury's determination as to specific issues of ultimate fact." *McGovern v. Kaneshiro*, 337 Ill. App. 3d 24, 29 (2003) (citing *Simmons v. Garces*, 198 Ill. 2d 541, 556 (2002) (special interrogatory was incompatible with general verdict and was controlling)). A special interrogatory is not designed to instruct the jury, but to determine one or more specific issues of ultimate fact and serve as a check upon the jury's deliberation. *Santos v. Chicago Transit Authority*, 198 Ill. App. 3d 866, 869 (1990) (citing *Noel v. Jones,* 177 Ill. App. 3d 773, 783 (1988); *Saldana v. Wirtz Cartage Co.*, 55 Ill. App. 3d 440, 443 (1977), *rev'd on other grounds*, 74 Ill. 2d 379 (1978)). Special interrogatories are governed by section 2-1108 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1108 (West 2016)), which states:

"Unless the nature of the case requires otherwise, the jury shall render a general verdict. The jury may be required by the court, and must be required on request of

12

any party, to find specially upon any material question or questions of fact submitted to the jury in writing. Special interrogatories shall be tendered, objected to, ruled upon and submitted to the jury as in the case of instructions. Submitting or refusing to submit a question of fact to the jury may be reviewed on appeal, as a ruling on a question of law. When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may enter judgment accordingly."

¶ 29 The questions before this court, pursuant to section 2-1108 of the Code, are whether Special Interrogatory No 5. proffered by plaintiff was in proper form and whether the special interrogatory was inconsistent with the general verdict. We first address whether Special Interrogatory No. 5 was in proper form.

¶ 30 Our supreme court has reiterated the standards for proper interrogatory form, noting that the interrogatory is in proper form if (1) "it relates to an ultimate issue of fact upon which the rights of the parties depend, and (2) an answer responsive thereto is inconsistent with some general verdict that might be returned." *Simmons*, 198 Ill. 2d at 555 (citing *Noel*, 177 Ill. App. 3d at 783; *Gasbarra v. St. James Hospital*, 85 Ill. App. 3d 32, 38 (1979)). A special interrogatory should be a single question, stated in terms that are simple, unambiguous, and understandable, and it should not be confusing, misleading, or repetitive. *Snyder v. Curran Township*, 281 Ill. App. 3d 56, 61 (1996).

¶ 31 It has been uniformly held that section 65 of the Civil Practice Act (Ill. Rev. Stat. 1961, ch. 110, § 65 (now see 735 ILCS 5/2-1108 (West 2016))) is mandatory, as it provides that the jury " 'must be required on request of any party[ ] to find specially upon

any material question or questions of fact stated to them in writing.' " *Moyers v. Chicago & Eastern Illinois R.R. Co.*, 43 Ill. App. 2d 316, 317 (1963). Our courts have strictly interpreted the word "must" in the statute and held that a circuit court has no discretion to reject a special interrogatory in proper form. *McGovern*, 337 Ill. App. 3d at 30 (citing *Ewanic v. Pepper Construction Co.*, 305 Ill. App. 3d 564, 567-68 (1999), citing *Morton v. City of Chicago*, 286 Ill. App. 3d 444, 451-52 (1997)). Our courts have determined that the refusal to submit a proper interrogatory " 'may be deemed reversible error.' " *Id.* (quoting *Van Hattem v. K Mart Corp.*, 308 Ill. App. 3d 121, 132 (1999), and citing *Snyder v. Curran Township*, 281 Ill. App. 3d 56, 63 (1996); see also *Vulcan Materials Co. v. Holzhauer*, 234 Ill. App. 3d 444, 452 (1992)). We review *de novo* a court's ruling on a request for a special interrogatory. *Stanphill v. Ortberg*, 2018 IL 122974, ¶ 31 (citing *People v. Clemons*, 2012 IL 107821, ¶ 8).

¶ 32   Here, plaintiff asked the circuit court to approve Special Interrogatory No. 5, which related to whether Effingham County's negligence proximately caused the accident. As the plaintiff correctly notes, court-approved settlements occurred with both Mars and Lois's estate before the six-day trial commenced. As such, Effingham County's own negligence and its role in Norma's injuries was a material issue of ultimate fact covered by the interrogatory. The wording of Special Interrogatory No. 5 was not confusing, misleading, or ambiguous, and it was couched in the same terms as the jury instructions, which defined "negligence" and "proximate cause." As such, after reading Special Interrogatory No. 5 in conjunction with the jury instructions set forth before the jury, a rational jury would understand that Effingham County could have caused Norma's

injuries "at least in part," that is, Effingham County did not have to be the sole cause, to answer the interrogatory in the affirmative.

¶ 33     Next, we address the circuit court's reliance on *Smart*, 2013 IL App (1st) 120901. Although the court determined that Special Interrogatory No. 5 presented a compound question, case law demonstrates that the concepts of negligence and proximate cause have been properly combined into a single question and presented to a jury. See *McGovern*, 337 Ill. App. 3d at 30-31 (" 'Was the Plaintiff immediately before and at the time of the occurrence in question guilty of negligence which proximately contributed to cause her alleged injuries?' "); *Moyers*, 43 Ill. App. 2d at 317 (" 'Do you find from the evidence that at and immediately prior to the collision in question the plaintiff was guilty of any contributory negligence which was a proximate cause of said collision?' "); see also *Phillips v. Shell Oil Co.*, 13 Ill. App. 3d 512, 514 (1973) (" 'Do you find from the evidence that at and immediately prior to the occurrence in question the plaintiff was guilty of any contributory negligence which was a proximate cause of said occurrence?' ").

¶ 34     Specifically, the interrogatory in *Smart* asked: " 'Was the contributory negligence of Todd Smart, if any, greater than 50% of the proximate cause of his injuries?' " *Id.* ¶ 23. The circuit court refused the proposed interrogatory because it "would not test the jury's general verdict and could mislead or confuse the jury." *Id*. On appeal, the First District Appellate Court determined that, although the interrogatory sufficiently tested the jury's verdict in favor of Smart, it was not in proper form because it asked multiple questions and the opening phrase, " 'Was the contributory negligence of Todd Smart,' "

15

was prejudicial to Smart because it presumed the jury had already found Smart contributorily negligent without the jury first answering that question. *Id.* ¶ 38. On review, the court noted that the interrogatory essentially asked three separate questions: "(1) whether Smart was contributorily negligent; (2) if so, whether Smart's negligence proximately cause[d] his injuries; and (3) if so, whether Smart's contributory negligence exceed[ed] 50% of the total negligence contributing to his injuries." *Id.* ¶ 35. Based on the above, we cannot find *Smart* controlling in the instant case.

¶ 35    Importantly, we note that the appellate court in *Smart* specifically stated, in citing to *Santos*, 198 Ill. App. 3d at 868, that the city could have properly tendered an interrogatory that asked: " 'Was there contributory negligence on the part of the plaintiff before and at the time of the occurrence which was the sole proximate cause of his injuries?' " *Smart*, 2013 IL App (1st) 120901, ¶ 38. Accordingly, the court in *Smart* determined, similar to the cases cited above, that including both negligence and proximate cause in a single sentence was not overly compound but was in proper form before the jury. See *id.* ¶ 40. Accordingly, we cannot conclude that Special Interrogatory No. 5 was impermissibly compound for the jury where the concepts of negligence and proximate cause were adequately explained in the jury instructions and not used to reinstruct the jury. See *Mudd v. Goldblatt Bros., Inc.*, 118 Ill. App. 3d 431, 438 (1983) (court determined that the special interrogatory, read together with two jury instructions defining negligence and ordinary care, gave a proper statement to the jury on the law of contributory negligence).

16

¶ 36 Next, we address whether Special Interrogatory No. 5 would have tested the general verdict. "The important point is[ ] that the answer to the special interrogatory controls the general verdict and will nullify the verdict if inconsistent therewith." *Moyers*, 43 Ill. App. 2d at 317. Any inconsistency between the answer to a special interrogatory and the general verdict under section 65 of the Civil Practice Act makes the general verdict a nullity and necessitates a new trial. *Starbuck v. Chicago, Rock Island & Pacific R.R. Co.*, 47 Ill. App. 3d 460, 464-65 (1977).

¶ 37 Here, Special Interrogatory No. 5 asked: "Was the motor vehicle collision of 7/26/2012 proximately caused at least in part by any negligence of Defendant Effingham County?" Because the jury returned verdict form B, we limit our consideration only to that verdict form in determining whether the special interrogatory properly tested the general verdict.

¶ 38 Verdict form B stated:

> "We, the jury find for Defendant Effingham County and against Plaintiff Bobby Lee Webb, as Administrator of the Estate of Norma Jean Webb, Deceased."

An affirmative answer to Special Interrogatory No. 5 would be inconsistent with this verdict form finding in favor of Effingham County. More specifically, an affirmative answer to Special Interrogatory No. 5 would establish that Effingham County's negligence proximately caused, at least in part, the motor accident, which would directly contradict the jury returning a general verdict in Effingham County's favor.

17

Consequently, plaintiff's special interrogatory would have sufficiently tested the jury's verdict where an inconsistency could result.

¶ 39 Accordingly, we reverse the judgment of the circuit court of Effingham County and remand the cause for a new trial. See *Ott v. Burlington Northern R.R. Co.*, 140 Ill. App. 3d 277, 282 (1986) ("Because section 2-1108 mandates that the jury must be required to find specially upon any material question of fact submitted to it in writing, the trial court erred in refusing to give defendant's Instructions *** as it was required to do pursuant to section 2-1108.").

¶ 40                                    III. Conclusion

¶ 41 For the foregoing reasons, the judgment of the circuit court of Effingham County is reversed and the cause remanded for a new trial where the court erred by refusing plaintiff's special interrogatory that related to an ultimate issue of fact upon which the rights of the parties depended, and the answer responsive thereto was inconsistent with some general verdict that might be returned.

¶ 42 Reversed and remanded.